## 15751.   JACKSON v. LUMBERMAN'S MUTUAL CASUALTY CO.

There is evidence to support the finding of the industrial commission, and "upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, provided there is any evidence to support the award. Ga. L. 1920, ·p. 199. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases." *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99).

DECIDED NOVEMBER 12, 1924.

Appeal; from Monroe superior court—Judge Persons. May 24, 1924.

*Dobbs & Barrett,* for plaintiff.

*Underwood, Pomeroy & Haas,* for defendant.

BLOODWORTH, J.   Plaintiff in error filed a claim with the industrial commission of Georgia, asserting the right to recover compensation on account of the death of his son, who died from injuries received at a planing mill where he was employed as a yardman on the night shift.   The case was originally heard by one of the commissioners, who rendered a decision in favor of the plaintiff in error.   An appeal to the full commission was taken, and upon this hearing the judgment awarding damages was reversed and compensation denied.   A part of the finding of the commission is as follows: "It appears from the record in this case that Albert Jackson was not on duty at the time of this accident, but had gone to the place of business of his employer several hours prior to the time the night shift began work.   He was due to go to work at six o'clock, and just what time he arrived at the mill is problematical, but it was agreed by all parties at interest that the accident occurred at four o'clock.   It would, therefore, appear that Albert Jackson arrived at least two hours prior to the time when he should have begun work on the night shift.   There was some evidence to the effect that these night employees sometimes went to the mill early and were given extra work.   In this particular case, however, it is not the belief of the industrial commission that here was constituted a condition which would bring Jackson under the workmen's compensation act.   The industrial commission is thoroughly committed to the principle that a reasonable time must ensue after an employee reaches an employer's

premises prior to the time work should begin, and a reasonable time after work ends before leaving his employer's premises, during which time an accident occurring shall be construed as arising out of and in the course of the employment. It is not necessary here, however, to decide what constitutes a reasonable time. The industrial commission holds that two hours is not a reasonable time, and therefore the accident which caused the death of Albert Jackson did not arise out of and in the course of the employment." From this finding of the commission an appeal was taken to the superior court of Monroe county. That court sustained the judgment of the full commission, and the case is now before this court for review.

No specific question of law was raised in the appeal to the superior court. The commission passed upon the controlling questions of fact in the case; their finding is supported by ample evidence and was approved by the superior court, and this court will not interfere. *Ga. Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881) ; *American Mutual Liability Ins. Co.* v. *Adams,* 32 *Ga. App.* 759 (124 S. E. 801).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*