25432. EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al.* *v.* WOODWARD.

JENKINS, P. J. 1. In order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned "by accident arising out of and in the course of the employment." Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2, *a*) (118 S. E. 786); *Keen* v. *New Amsterdam Casualty Co.*, 34 *Ga. App.* 257 (129 S. E. 174); *Bibb Mfg. Co.* v. *Alford*, 51 *Ga. App.* 237 (179 S. E. 912).

2. "Upon an appeal to the superior court from any final award or any

other final decision of the Industrial Commission [Department of Industrial Relations], the findings of fact made by the commission [department] within its power are, in the absence of fraud, conclusive. . . The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court." It "is conclusive and binding upon all the courts." *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810, 812 (129 S. E. 75); *Georgia Casualty Co.* v. *Martin*, 157 *Ga.* 909, 915 (122 S. E. 881).

3. Not only may an issue of fact arise from contradictory evidence, but "implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto." *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 261 (175 S. E. 577). In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion. The superior and appellate courts alike are bound by a finding of fact made by the Department of Industrial Relations, where it is thus authorized under the proved facts or logical and proper inferences therefrom, and where the finding is not manifestly based upon some legally erroneous theory, inference, or conclusion which clearly controlled an intermediate vital inference or conclusion, or the final conclusion. In the latter event, the award will be reversed or affirmed with direction. See *Bibb Mfg. Co.* v. *Alford*, supra.

4. Where an order of the Department of Industrial Relations denies compensation because the injury of the employee did not arise "in the course of the employment," and under the foregoing principles there is some evidence to authorize the inference and finding that the accident did not occur while the employee was fulfilling duties of the employment or doing something incidental thereto, such a finding by the department should not be reversed, but should be upheld by the superior court on appeal. *Ocean Accident &c. Cor.* v. *Farr*, 180 *Ga.* 266 (178 S. E. 728); *Cooper* v. *Lumbermen's Mutual Casualty Co.*, supra; *Thompson-Starrett Co.* v. *Johnson*, 174 *Ga.* 656 (163 S. E. 745); *U. S. Fidelity & Guaranty Co.* v. *Waymick*, 173 *Ga.* 67 (159 S. E. 564); *Independence Indemnity Co.* v. *Sprayberry*, 171 *Ga.* 565 (156 S. E. 230); *Ga. Casualty Co.* v. *Martin*, (supra).

5. Since in the instant case, under the preceding rules, the evidence did not as a matter of law demand a finding that the injury arose "in the course of the employment," and the award of the department against the claimant was authorized, the superior court erred in reversing the award.

*Judgment reversed. Sutton, J., concurs. Stephens, J., dissents.*

DECIDED JULY 11, 1936.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Hammond, Kennedy & Kennedy,* contra.