## 26264. LIBERTY MUTUAL INSURANCE COMPANY
### *et al. v.* MANGHAM.

DECIDED SEPTEMBER 10, 1937. REHEARING DENIED OCTOBER 7, 1937.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Chester A. Byars,* contra.

SUTTON, J. This case arose under the workmen's compensation law. The claim for compensation was heard by a director of the Department of Industrial Relations, and upon application for review his award in favor of the employee was affirmed by a majority of the full board. This award, on appeal, was affirmed by the superior court, and the employer and insurance carrier excepted to that judgment. The question for determination is

whether the injury of the claimant was occasioned by accident arising out of and in the course of his employment. The employer and insurance carrier contend that it was not so caused, and the claimant contends that it was. It has been held a number of times by this court: "In order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned 'by accident arising out of and in the course of the employment.' Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, 'when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises "out of" the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply.' *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2, *a*) (118 S. E. 786); *Keen* v. *New Amsterdam Casualty Co.*, 34 *Ga. App.* 257 (129 S. E. 174); *Bibb Mfg. Co.* v. *Alford*, 51 *Ga. App.* 237 (179 S. E. 912)." *Employers Liability Assurance Corporation* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142).

After setting out in substance the evidence that was introduced on the hearing before him, the director in his award says: "The evidence in this case is conflicting as to whether or not the foreman of the Smith-Pew Construction Company directed his employees to ride on the truck of the subcontractor, going to and from their work, but it is without dispute that many of the employees of the Smith-Pew Construction Company would meet at the chute, and were permitted to ride on the truck operated by a subcontractor of the Smith-Pew Construction Company to a point where they were supposed to work, a distance of approximately four miles from the chute; that this transportation was furnished these employees free of charge and in the interest of assisting the principal contractor in performing the work. This was being done with the full knowledge and consent of the employer, and was relied upon by the employees as the means of transportation to and from their work, and was used for this purpose at regular intervals with the full knowledge and consent of the employer; that on June 15, 1936, while riding on said truck from the

designated point towards the place of employment, a tire blew out on the truck which was loaded with gravel, and turned over and injured John Mangham and others. It further appears without dispute, as a result of said injuries, John Mangham sustained a fractured leg which necessitated his confinement to the hospital for a period of six weeks, and is still totally disabled to engage in manual labor, due to his injuries; that he incurred a medical bill during the first thirty days in the amount of $100, exclusive of his hospital bill, and payable to Dr. J. H. Fry who attended him for his injuries immediately following the accident; that the hospital expenses, while confined and undergoing treatment at the R. F. Strickland & Sons Memorial Hospital from June 15, 1936, to July 28, 1936, amounted to $162.50; that his wages at the time of said injury were $9.60 per week. The main question for determination [by] this director is whether or not the accident arose out of and in the course of his employment, under the evidence as adduced before me, on the theory that the employer would be liable for said injuries while transporting or permitting the use of said transportation of his employees to and from work. In order that compensation be awarded to an injured employee who sustains an accidental injury while going to and from work, it is necessary for the transportation to be considered a part of, or incidental to, the employment. From the evidence in this case the director is of the opinion, and also finds, that the transportation furnished by the subcontractor was done with the knowledge and consent of the principal contractor who was the employer in this case, and was therefore incidental to the contract of employment; that the accident sustained on June 15th by John Mangham arose out of and in the course of his employment; and that the claimant is entitled to receive compensation. . . This case is controlled by the decision of the Supreme Court in *Cooper* v. *Lumberman's Mutual Casualty Company*, 179 *Ga.* 256."

Counsel for the plaintiffs in error say that "it is necessary for this court to examine the evidence in this case for the purpose of determining whether such evidence is sufficient to support an award in favor of the claimant, based upon the findings of fact as made by the Department of Industrial Relations." There was evidence to the effect that the claimant, John Mangham, at the time of his injury, was employed by the Smith-Pew Construction

Company, which was engaged in constructing certain disposal plants for the City of Griffin, and the Hudgins Contracting Company was a subcontractor for the construction company in this work. When the claimant was first employed the location of the work was within about a mile and a half of Griffin, and nothing was said about transportation, as this place was within walking distance. But later the work was changed to a place approximately four miles from Griffin, on Potato Creek; and the claimant testified that he was instructed and directed by Mr. Edgar, the foreman of Smith-Pew Construction Company, to catch a truck of the Hudgins Contracting Company "at the chute," and to ride with other members of the working crew to the job on Potato Creek, as it was too far to walk. The trucks of the Hudgins Contracting Company were engaged in hauling gravel from the gravel chute at Griffin to the job on Potato Creek, and the claimant was thrown from one of the trucks and injured while riding to his work, as directed by his employer. Several other employees of the Smith-Pew Construction Company testified that they also were instructed by Mr. Edgar to catch the truck of the Hudgins Contracting Company at the gravel chute at Griffin and to ride to the place of work on Potato Creek, and some of them testified that they heard Mr. Edgar tell the claimant, John Mangham, to do so. The claimant's work was at the job site, and his pay did not begin until he got there. E. R. Kelley, foreman of Hudgins Contracting Company, testified that after they began work in April, 1936, on the project located approximately four miles from Griffin, he noticed that certain employees of Smith-Pew Construction Company were catching rides on the trucks of Hudgins Contracting Company, and that he spoke to Mr. Edgar, the foreman of the construction company, about the matter; and that he and Edgar agreed that if some of the employees wished to ride on the truck to and from their work during the time such trucks were used, they might do so. E. H. Edgar testified that there was no agreement or understanding whatever on the part of the construction company to transport any of its employees to or from their work at any time; that he knew that some of the employees of the construction company did ride, from time to time, on trucks of Hudgins Contracting Company while they were being operated; and that he had no objection to this.

It will be observed that the Department of Industrial Relations was of the opinion that this case is controlled by the decision of the Supreme Court in *Cooper* v. *Lumbermen's Mutual Casualty Co.; 179 Ga. 256 (175 S. E. 577).* It was there held: "Where in the trial of a case before the Department of Industrial Relations it appeared from the evidence that the place of actual work of the employee, who was paid by the day, was in the woods twenty miles from his residence, which was near the mill of his employer, and that he came to the mill each morning to catch a truck of a third person in order to obtain a free ride to his place of work, doing this with the knowledge, consent, and expectation of his employer, but without any express agreement between him and his employer or between the employer and the owner of the truck as to such transportation, and the employee was thrown from the truck and killed when one of the wheels jarred from running over some object which fell off the truck into the highway, the department was authorized to find that the injury and death of such employee arose out of and in the course of his employment. This is true notwithstanding the testimony of the manager of the employer company that the pay of the employee began 'when he got to the woods,' and that if he had not reached the woods until noon he would have been paid for a half-day only." The facts in the case at bar are very similar to those in the *Cooper* case. It is admitted by counsel for the plaintiffs in error that if an employee is expected or required to report for work at a certain place, from which transportation by the employer is to begin, then while traveling from that place to the actual place of work (whether in the conveyance of the employer, the conveyance of a third person, or the conveyance of a common carrier for hire) the employee is actually in the service of the employer; and they concede that "if the department had stated in their award that they accepted the evidence of the claimant as true and had based their award upon a finding of fact to the effect that at the time of the injury the claimant was riding upon the truck of Hudgins Contracting Company at the direction and by the command of his foreman, then there would be competent evidence in the record to support such award." It is true that the claimant, when injured, was not actually engaged in the performance of his duties at the place where he was supposed to work, but that place was four miles from

the "gravel chute" and his residence. Transportation was necessary, and was furnished to claimant and other employees free of charge and in the interest of assisting the principal contractor '(Smith-Pew Construction Company) in performing the work. This was done with the full knowledge and consent of the employer, and was relied on by the employees as the means of transportation to and from their work, and was used for this purpose at regular intervals with the full knowledge and consent of the employer. In these circumstances it would seem that the claimant, while being thus transported, was engaged in doing something incidental to the performance of his duties. We are of the opinion that the evidence is sufficient to support the award in favor of the claimant, and that the statement and findings of the department as contained in the award are a substantial compliance, in this respect, with the provisions of the Code, § 114-707, and the following decisions of this court dealing with this statute: *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39); *American Mutual Liability Co.* v. *Hardy*, 36 *Ga. App.* 487, 490 (137 S. E. 113); *Metropolitan Casualty Co.* v. *Dallas*, 39 *Ga. App.* 38, 40 (146 S. E. 37); *Employers Liability Assurance Corporation* v. *Montgomery*, 45 *Ga. App.* 634, 636 (2) (165 S. E. 903); *Maryland Casualty Co.* v. *Brown*, 48 *Ga. App.* 822 (173 S. E. 925). The findings of the department as to facts are conclusive when supported by evidence. The case of *Martin* v. *State Highway Board*, 54 *Ga. App.* 856 (189 S. E. 614), is differentiated by its facts from this case. There the employee did not choose to avail himself of the transportation provided by his employer, and was injured while riding in a conveyance of another employee and selected by the claimant himself.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*