26768. GLENS FALLS INDEMNITY CO. *et al. v.* SOCK-WELL *et al.*

Decided May 21, 1938. Rehearing denied June 29, 1938.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiffs in error.

*O. Lee White, Giles & Hall, Dolly Lee Butler,* contra.

Sutton, J. This case arose under the workmen's compensation act, Code, § 114-101 et seq. The accident occurred on November 26, 1935, in Douglas County, at a time when the deceased, J. H. Sockwell, was in the employment of the Excelsior Laundry, which was operated by Atlanta Laundries Inc. Mrs. J. H. (Mary) Sockwell, widow of the deceased, made application for compensation, and the claims of three minor children of the deceased by a former marriage were subsequently filed, the hearing being conducted as one case. The director made awards in favor of all the claimants, and upon review the board reversed the awards on the ground that

the facts did not show that the injury was sustained out of and in the course of the employment of the deceased. On appeal the superior court reversed the finding of the board; and the case is before this court by bill of exceptions assigning error on that judgment, and on refusal by the superior court to dismiss the case on motion.

The facts, about which there is no dispute, are substantially as follows: On the night of November 26, 1935, J. H. Sockwell was driving a truck of Atlanta Laundries for the purpose of taking a load of laundry from Atlanta to Carrollton, Georgia. About 9:30 o'clock p. m., when the truck had reached a point about three or four miles east of Douglasville, J. H. Sockwell stopped the truck when flagged down by some boys and girls whose automobile had ceased to operate. At their request he lent them a pair of pliers which they used in unstopping a gasoline line on the car, but nevertheless the automobile would not perform. In attempting to push their car Sockwell engaged the bumpers of his car with that of the others in such a way that it was necessary to separate them. Ivy Johnson, who was riding on the truck with Sockwell, got out of the truck to separate or unlock the bumpers, but was unable to do so. Thereupon Sockwell left the truck, and with Johnson succeeded in unlocking the bumpers. He then proceeded to the truck, remarking, "These boys are messing me up," opened the door of the truck, put his pliers and flashlight in the truck, and while standing with one foot on the pavement, one foot on the running-board of the truck, one hand on the door, and one hand on the steering-wheel, and apparently in the act of getting back in the truck, he was struck by an automobile driven by a drunken person at a high rate of speed, the car coming across on the side of the road where Sockwell was standing by his truck, knocking him to the pavement and injuring him in such a manner that his death immediately resulted. These facts were testified to by Johnson, the companion of Sockwell, and by the occupants of the automobile who had requested his assistance.

W. L. Calhoun, assistant manager of Atlanta Laundries Inc., testified that his general duties consisted in dealing directly with sales, including those of outside men; that the deceased was under his supervision, employed as a driver in the City of Atlanta, two rounds a day, and one round trip to Carrollton at night, where he would go to take a load of laundry and to bring one back; that

the Excelsior Laundry was not engaged in the business of repairing automobiles, and Sockwell was not employed to repair automobiles of others; that he was employed by the witness; and that it was not his duty to drive any automobile not belonging to the laundry.

■ It is contended by the plaintiffs in error that the superior court erred in not sustaining their motion to dismiss the appeals, for two reasons: first, because the appeals of the widow and the minor children of the deceased were filed separately and not jointly; and second, because they were addressed to the superior court of Fulton County, instead of Douglas County where the accident occurred. Technical niceties of pleading and procedure do not obtain in hearings before the Industrial Board. The claims were treated as one hearing, although awards of compensation were separately made. The appeals are shown by the record to have been forwarded to the superior court for docketing as one case, and they were so heard by the trial judge. The appeals having been filed in a tribunal where technical rules of pleading do not exist, we do not think that it was necessary that the claimants join in one appeal, but that having separately filed their appeals, which were by the Industrial Board consolidated as one case in forwarding the record of the superior court, all interested parties were properly before the superior court in one case, and the ground of the motion is without merit. Nor was the case subject to dismissal, after the amendment, because the appeals were addressed to the wrong court. It was proper for the court to allow the amendment which substituted the word "Douglas" for the word "Fulton" in the addressing clause of the appeal, it appearing from the record that all parties had been properly notified that the record was being sent to the superior court of Douglas County. *Parish* v. *Davis*, 126 *Ga.* 840 (55 S. E. 1032); *Wingate* v. *Gornto*, 147 *Ga.* 192 (93 S. E. 206); *Glover* v. *Glover*, 151 *Ga.* 574 (107 S. E. 861).

■ Foregoing any discussion as to emergency, etiquette of the road, or establishing good will for the employer, as dealt with in the opinions rendered by the single director and the board, the test of the right of the claimants to compensation in the present case is narrowed to the determination of whether or not, at the moment the deceased was struck by the automobile of another, the injury arose out of and in the course of his employment. "In

order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned 'by accident arising out of and in the course of the employment.' Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, 'when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises "out of" the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply.'" *Employers Liability Assurance Corporation* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142), and cit.; *Liberty Mutual Ins. Co.* v. *Mangham*, 56 *Ga. App.* 498 (193 S. E. 87).

The single director found that under the undisputed facts the injury came within the workmen's compensation act, and accordingly he made awards to the claimants. The full board found to the contrary. The superior court reversed the award which denied compensation. While it is the law that "On a review of the award of a single director the full board [of the Department of Industrial Relations] acts as a fact-finding body, and may reverse the award of the single director, although there be some evidence to support his findings. Code, § 114-708. This court, in reviewing an award by the full board denying compensation, must accept that evidence most favorable to the employer; and if, so viewed, it authorizes an award denying compensation under the provisions of the workmen's compensation act [section 114-101 et seq.] it must be affirmed" (*Merry Brothers Brick & Tile Co.* v. *Holmes*, 57 *Ga. App.* 281, 195 S. E. 223, and cit.), we think that there was no evidence to support the finding of the full board in the present case, and that the superior court did not err in its judgment of reversal. The evidence shows, that, even if it be said that the employee deviated from his employment in going to the succor of some fellow travelers on the highway, he was at a place where he had a right to be in pursuance of his duties, that he had indicated that his mission of helpfulness was at an end by announcing that "These boys are messing me up," by putting in his truck his pliers and flashlight, the instruments he had employed in his deviation, and by putting one foot on the running-board, one hand on the door, and one hand on

the steering-wheel of the truck as incidental to entering the truck to resume his duties for his master. It is too well established to require any citation of authorities that the workmen's compensation act, although it is in derogation of the common law, being highly remedial in its nature, must be liberally construed to effect its beneficent purposes. It is equally clear that if the employee be engaged in some act *incidental to* his employment and is injured, the injury is compensable. No reasonable inference can be drawn from the exclamation of the employee, and the facts and circumstances existing at the moment of his injury, other than that he had ended his deviation, and was doing something incidental to his employment rather than planning to resume his efforts to help those who had sought his aid. To enter the truck, or to prepare to enter the truck, for the purpose of executing his duties to his master, was obviously incidental to his employment. That he was in the act of entering or preparing to enter the truck, under the evidence, requires no strained construction. He was on his regular route, and under the workmen's compensation act he was protected from the perils of the highway. The injury sustained was in the course of his employment, and arose out of that employment. Consequently the superior court did not err in reversing the award of the board.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*