## 29791. COLUMBIA CASUALTY CO. *et al.* v. PARHAM.

DECIDED FEBRUARY 9, 1943. REHEARING DENIED APRIL 1, 1943.

*T. Elton Drake, Irving S. Nathan, William E. Ball,* for plaintiffs in error. *H. O. Hubert Jr.,* contra.

MacINTYRE, J.  The undisputed evidence showed that Charlie Parham was an employee of the defendant company; that on the premises of said company was an automatic elevator; that from time to time the claimant was required to take the elevator from the first to the second floor of the building, in the performance of his duty; that there was no operator on the elevator, but whoever used it operated it by pulling a cord or a chain; that the elevator would then start and continue in motion until it reached the next floor; that on the day of the injury claimant was engaged in taking an order pad from the first to the second floor, in line of duty for the defendant; that while the elevator was ascending from the first to the second floor a fellow employee called to the claimant and asked him to throw him a cigarette; that without stopping the elevator the claimant reached into his pocket, got out a cigarette, and threw it to the fellow employee on the floor below; that there was no guard in front of the elevator, but the front was open, so that the claimant extended his arm out into the open space in front of the elevator in order to throw the cigarette.  The Industrial Board found as a matter of fact that the claimant's arm was caught and crushed while he was in the process of throwing the cigarette.  As a result of this injury amputation of the arm was necessary.  A claim under the workmen's compensation act was contested.  The Industrial Board denied the claim, holding that the injury did not arise out of and in the course of the employment.  The employee appealed, and the Judge of the superior court reversed the award on the ground that no issue of fact was involved, and that the finding of the board was contrary to the undisputed evidence and without evidence to support it.

When the employee entered the elevator he was the sole occupant thereof.  In the line of his duty he pulled the cord or chain and started the elevator on its upward course from the first to the second

floor. During this continuous trip he threw a cigarette out of the door of the elevator without stopping or slowing. By this act he was not intending to interrupt for one moment his trip from the first to the second floor, and thus his movement was in the performance of his duty as an employee; and the throwing of the cigarette, if his arm had not been caught, would have been, we think, considered as merely a subordinate collateral act on his trip from the first to the second floor. The employee himself, that is, his body, never left his post of duty on the elevator and never deviated from the trip from one floor to the other; unless we say that his arm deviated from the trip from the first to the second floor; and then to say that the arm which left or, rather, extended beyond the elevator was in effect a deviation of the man himself from this trip in the line of his duty would be somewhat analogous to saying that "the dog was following the tail, rather than the tail was following the dog." We think the claimant was making a continuous nonstop trip from the first to the second floor on the elevator, and the mere throwing of a cigarette out of the door, on the trip, to a fellow employee, was not a deviation by the claimant from a trip in line of duty. He was still traveling upward on the trip which he unquestionably began in the line of his duty, and the conveyance on which he was making this trip had not deviated from its proper route, neither had it stopped nor even hesitated, and he had not left this conveyance when the accident occurred before he reached his destination, the second floor. At the very time he was hurt he was traveling on the employer's business, and in the very manner provided by the employer for him to so travel. There was no abandonment of the employer's business, and the employment was at least a contributing cause of the injury. *Employers Liability Assurance Corporation* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142); *Liberty Mutual Insurance Co.* v. *Mangham*, 56 *Ga. App.* 498 (193 S. E. 87).

Even if the claimant was negligent in throwing the cigarette, this would not defeat his right to compensation. We think the evidence demanded a finding that the injury arose out of and in the course of employment, and that the judge was correct in reversing the award which denied compensation.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*