34191. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *et al.* v. WORLEY.

DECIDED SEPTEMBER 19, 1952.

*Young & Hollis, Dana B. Drake,* for plaintiff in error.
*Ralph M. Holleman,* contra.

TOWNSEND, J. (After stating the foregoing facts.)   It is contended by counsel for the plaintiff in error that the accident on which this claim is based, occurring as it did some twenty minutes before the employee was required by her employer to be at her machine, is not compensable in that it does not arise "out of and in the course of" the employment as required by Code § 114-102.   When injuries are sustained by employees who are not at the moment actually engaged in doing the work they have been hired to do, during time for which compensation is paid them, but who are performing acts preparatory to entering or leaving their employment, or other incidental acts within the period of their employment but not strictly in furtherance

of it, it becomes ordinarily a question of fact as to whether the requirements of the Workmen's Compensation Law have been met, and the burden is upon the claimant to meet these requirements. One who, although traveling in transportation furnished by the employer, went 18 miles out of his way upon purely personal business was not entitled to compensation for injuries received at that time. *United States Fidelity &c. Co.* v. *Skinner*, 188 *Ga.* 823 (1) (5 S. E. 2d, 9). Ordinarily, whether or not the accident arose out of and in the course of the employment is a question of fact, and the award of the Board, if supported by any evidence, is conclusive. On this proposition it has many times been decided that where the Board of Workmen's Compensation found that injuries received going to or leaving the employment, or during the lunch period, did not arise out of the employment, this was binding upon appellate tribunals. *Ocean Accident &c. Corp. Farr*, 180 *Ga.* 266 (178 S. E. 728); *Austin* v. *General Accident, Fire &c. Assurance Corp.*, 56 *Ga. App.* 481 (193 S. E. 86); *Employers Liability Assurance Corp.* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142); *Finch* v. *Evins Amusement Co.*, 80 *Ga. App.* 457 (56 S. E. 2d, 489). As was stated in *Employers Liability Assurance Corp.* v. *Pruitt*, 63 *Ga. App.* 149, 155 (10 S. E. 2d, 275): "In the instant case the board was authorized to find in favor of the claimant; in the *Farr* case in favor of 'the employer; and this court can not interfere." One of the facts which must necessarily distinguish each case is the length of time between the reception of the injuries and the hours of employment. In *Jackson* v. *Lumberman's Mutual Casualty Co.*, 33 *Ga. App.* 35 (125 S. E. 515) the court quotes the following with approval from the award entered up by the commission: "The Industrial Commission is thoroughly committed to the principle that a reasonable time must ensue after an employee reaches an employer's premises prior to the time work should begin, and a reasonable time after work ends before leaving his employer's premises, during which time an accident occurring shall be construed as arising out of and in the course of the employment. It is not necessary here, however, to decide what constitutes a reasonable time. The Industrial Commission holds that two hours is not a reasonable time. . ." In *Williams* v. *American Mutual Liability Ins. Co.*,

72 *Ga. App.* 205 (33 S. E. 2d, 451) injuries received in a fire on the employer's premises were held compensable where it appeared that the claimant had been waiting for a period of over two hours for his shift to begin, but that the accident occurred within a half hour prior to the inception of his duties, and that employees were required to be at the plant 30 minutes before work time. In *Employers Ins. Co. of Alabama* v. *Bass,* 81 *Ga. App.* 306 (3) (58 S. E. 2d, 516) an award of the board was affirmed where the claimant was carrying his tools to his work station some ten minutes in advance of the time it was necessary for him to report, and about fifteen minutes before he was to begin work.

In the present case the company opened its doors to its employees thirty minutes in advance of commencement of work; it furnished them a dressing room located within the building on the same floor on which the claimant was working, and expected them to make use of these facilities if they desired, although it did not require them to do so. In view of the fact that the employer made provisions for employees to do exactly what the claimant was doing in this case, that is, enter the building ahead of time in order to change into working clothes, and in view of the fact that twenty minutes cannot be held an unreasonable length of time to proceed to the dressing room, change clothes and proceed to her work station, the award of the Board of Workmen's Compensation is not without evidence to support it. See also *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (2) (176 S. E. 104).

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*