34856. FIDELITY & CASUALTY COMPANY *et al. v.* LANDERS.

CARLISLE, J. Where, on review of a judgment of a superior court, affirming an award of the State Board of Workmen's Compensation granting compensation to the widow of a deceased workman coming within the provisions of the Workmen's Compensation Act, the only question presented is whether the deceased workman, at the time of the injury which resulted in his death, was acting within the scope of his employment for the defendant employer, Standard Construction Company, or within the scope of an independent contractor, a carpenter's union, and it appears from the evidence that the deceased was in the general employ of that company and was also steward of the carpenters' union, that the company was engaged, under contract with Georgia Power Company, in the construction of a power plant, that by agreement between the construction company and the carpenters' union the union steward was to be permitted to check the carpenters on the job for membership in the union and the payment of their dues weekly, that the time consumed in the steward's checking for the union was not to be deducted from the steward's salary as a saw filer, which was paid by the construction company, and that this arrangement was for the purpose of creating better employee relations between the union and the construction company—the trial director did not err in finding that the employee, although engaged in checking the carpenters for the union at the time he sustained the injuries from which he died, was performing a job incidental to his employment for Standard Construction Company, and that, therefore, his death resulted from an injury which arose out of and in the course of his employment for the company (see *General Fire &c. Assurance Co.* v. *Worley*, 86 *Ga. App.* 794, 72 S. E. 2d 560); and since the award is supported by competent evidence, the superior court did not err in affirming the award of the State Board of Workmen's Compensation, which affirmed the award of the trial di-

rector. *B. F. Goodrich Co.* v. *Arnold,* 88 *Ga. App.* 64 (76 S. E. 2d 20). *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 21, 1953—REHEARING DENIED NOVEMBER 3, 1953.

*John M. Slaton, J. Hugh Rogers,* for plaintiffs in error.

*R. Beverly Irwin,* contra.