35270.   TRAVELERS INSURANCE CO. *et al. v.* SMITH.

Decided December 2, 1954—Rehearing denied December 17, 1954.

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiffs in error.

*Edward F. Taylor,* contra.

GARDNER, P. J.   Where the facts in a workmen's compensation case are undisputed, whether the injury arose out of and in the course of the employment is a question of law.   *Thornton* v. *Hartford Accident &c. Co.,* 198 *Ga.* 786, 795 (32 S. E. 2d 816). The facts here are not in dispute, and are to the effect that the injured employee had approximately 20 minutes for eating between 8:30 and 9 p. m., that he had eaten and was on his way back to work, ascending a stairway in a building owned by his employer in the direction of, and about 65 or 70 feet from, his employment station, and that the fall occurred three or four minutes before 9, when he should have been back at that particular desk or station.   From this it follows that for the employee to have returned to the place he was supposed to be at the time he was supposed to be there to resume his duties—that is, 9 p. m. in the composing room—it was necessary for him to be in the place where he was injured at the time he was injured—that is, a minute or two before nine, about 60 or 70 feet away from his desk—the evidence also showing that the usual and normal route of return from lunch, or the usual and normal route of approach at the time of assuming the duties of employment, was up these stairs, and through this room, just as the employee was proceeding.

The director hearing this case set out in his award the following rule of law quoted in *General Accident Fire &c. Corp.* v. *Worley,* 86 *Ga. App.* 794 (72 S. E. 2d 560) from *Jackson* v. *Lumberman's Mutual Casualty Co.,* 33 *Ga. App.* 35 (125 S. E. 515) : "The Industrial Commission is thoroughly committed to the principle that a reasonable time must ensue after an employee reaches an employer's premises prior to the time work should begin, and a reasonable time after work ends before leaving his employer's premises, during which time an accident occurring shall be construed as arising out of and in the course of the employment."   See also *Williams* v. *American Mutual Liability*

*Ins. Co.*, 72 *Ga. App.* 205 (33 S. E. 2d 451); *Employers Ins. Co. v. Bass*, 81 *Ga. App.* 306 (58 S. E. 2d 516); *Maryland Casualty Co.* v. *Sanders*, 49 *Ga. App.* 600 (176 S. E. 104). Thus, under the holding in *Ocean Accident &c. Corp.* v. *Farr*, 180 *Ga.* 266 (178 S. E. 728), where one is injured while en route from his place of employment to another place in the building where he intends to eat his lunch, the accident arises in the course of, but not out of, the employment. Where, however—under the authority of the *Worley* and *Jackson* cases, supra—one is on his employer's premises, and on his way to commence work, within a reasonable time prior to the time work begins, and he is injured, the injury results both in the course of and out of the employment.

The able deputy director hearing this case noted this rule of law, but felt constrained to reach the decision that the claimant was not entitled to compensation, on the theory that a different rule applied to identical sets of circumstances, depending upon whether the claimant was on his way to work in the morning (in which case he might recover) or was returning from lunch (in which case he might not). There is concededly, under certain circumstances, a conflict in our Workmen's Compensation Law, relating to this time element, but we do not believe that conflict exists here, for the reason that the theory on which compensation is refused in the lunch-hour cases, cited in the director's findings of fact, is that the employee is about to depart from the employer's premises to attend to something purely personal to himself.

In *Aetna Casualty &c. Co.* v. *Honea*, 71 *Ga. App.* 569 (1) (31 S. E. 2d 421), the claimant was at the beginning of her lunch hour and was on her way from her work station to a beauty parlor on a matter of personal business. In *Hanson* v. *Globe Indemnity Co.*, 85 *Ga. App.* 179 (68 S. E. 2d 179), the claimant was at the beginning of her rest period, on her way from her work station to her own affairs at the water cooler and rest room. In *Ocean Accident &c. Corp.* v. *Farr*, supra, the claimant was on his way from the place where he had washed his hands to the place where he was going to eat his lunch, matters personal to himself.

So too, in *Austin* v. *General Accident Assurance Corp.*, 56 *Ga.*

*App.* 481 (193 S. E. 86), the claimant was on her way to begin her rest period. *Independence Indemnity Co.* v. *Sprayberry*, 171 *Ga.* 565 (156 S. E. 230) (reversing the same case, 41 *Ga. App.* 133, 152 S. E. 125), was based on the sole ground that, where under one phase of the evidence the hearing director was authorized to deny compensation on the ground that the claimant, who was employed by a hotel, but who was on her way to her room at night to get a coat in order to go riding with some of the guests, was not engaged in any duty in the course of her employment, and that the Court of Appeals therefore erred in reversing the award finding in favor of the employer. Likewise, in *Employers Liability Assurance Corp.* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142), the judgment of the superior court reversing that of the Department of Industrial Relations was reversed solely on the ground that there was "some evidence" authorizing the inference, as found by the hearing director, that the claimant was not injured in the course of her employment. In the *Woodward* case the claimant had completed her lunch on the premises where it was provided by the hotel by which she was employed, and had returned to her work. After returning to her work and finding that she still had a considerable amount of unexpired lunch hour remaining, she decided to go to the barber shop in the hotel and discuss with her son-in-law, who was employed there, a matter personal to herself. The Board of Workmen's Compensation found as a matter of fact that the employee "stepped aside from her duties for personal reasons and was injured while returning to the place where she worked." That case is therefore disitnguishable from the case at bar and from *General Accident Fire &c. Corp.* v. *Worley*, supra, and like cases, in that, while a contract of employment contemplated that one would go home at night and accordingly must be on the premises a reasonable time before the commencement of work on the following morning, and also contemplated that when an employee left the employment to eat lunch such employee must of necessity be back on the premises where the work was to be done a reasonable time before the commencement thereof after the lunch hour, nevertheless, the contract did not contemplate that an employee would step aside from the usual employment to engage in some matter purely personal to himself such as go-

ing away from the place of work to talk to another person entirely disconnected from the employment, as was done in the *Woodward* case. Accordingly, in that case it was held that the return from this purely personal mission was a part of the mission, which was a mission not contemplated by the contract of employment. On the other hand, in this case, and in the *Worley* case, supra, and like cases, the stepping aside from the employment was to go home at night or to go to lunch, which is an act contemplated by the employment, and which necessitates the return to the place of employment a reasonable time before the beginning thereof. An employee cannot possibly begin work on time unless he arrives at his place of employment long enough before the time set for the beginning thereof in order to be there at that time.

In none of those cases, nor in any other we have been able to find, has this court or the Supreme Court held as a matter of law that undisputed facts such as appear in the present case would bar a claimant from compensation. It should accordingly be concluded that where, as here, the claimant has departed from his employment to go elsewhere to eat his lunch on time given him for that purpose, but where he is returning to his employment and is injured at a place and time where it is necessary for him to be in order to get back to his work station at the time set for him to recommence his duties, the situation is exactly the same as though he were arriving in the morning preparatory to undertaking his day's duties, and the injury must, therefore, be presumed to have arisen out of and in the course of his employment.

Since the hearing director found an erroneous conclusion of law from undisputed facts, the judge of the superior court did not err in reversing the award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*