36170. INDEMNITY INSURANCE CO. OF NORTH AMERICA *et al.* *v.* WESTMORELAND.

DECIDED MAY 16, 1956.

*Currie & McGhee,* for plaintiff in error.
*Pittman & Greene,* contra.

TOWNSEND, J. All parties recognize the well-worn rule that the award, if supported by any competent evidence, will not be set aside. It is, however, contended, under the authority of *Sisson* v. *American Mutual Liability Ins. Co.*, 71 *Ga. App.* 284 (30 S. E. 2d 501), that where an award against the claimant is influenced at least in part, by specific findings of fact not authorized by the evidence, it must be set aside, and that for this reason the judgment of the superior court is correct. We agree with the principle of law, but have difficulty applying it to this case, so far as it affects the finding that the accident did not arise out of and in the course of the employment. There is sufficient competent evidence to authorize a finding by the board that the employee had no authority to use the company truck during his free period for lunch; consequently, the theory would not be tenable that the employee, being in the truck, was constructively "on the premises" of the employer. The fact that he was using a company truck is immaterial, and the situation is the same as though he had walked or ridden in his own car to his home during the half hour given him as free time between noon and 12:30. That he was returning from his home in a direction he would normally take to go to work at noon puts him in the same position as one who departs from his home in the morning and sets out for work. The responsibility of an employer must begin and end somewhere, and this State has never applied "portal to portal" liability to workmen's compensation cases. In *Travelers Insurance Co.* v. *Smith*, 91 *Ga. App.* 305 (85 S. E. 2d 484), an effort was made to reconcile "preparation for work" cases with "lunch hour" cases, the former being, in general, more liberal in permitting recovery than the latter. In one of the earliest of these, *Jackson* v. *Lumberman's Mutual Casualty Co.*, 33 *Ga. App.* 35 (125 S. E. 515) we find the Industrial Commission "thoroughly committed to the principle that a reasonable time must ensue *after an employee reaches an employer's premises,* . . . during which time an accident occurring shall be construed as arising out of and in the course of the employment." (Italics ours.) In the *Smith* case, supra (p. 311), the accident occurred after the premises had been reached by one returning to work at the end of his lunch hour, and this court, upholding the reversal by the superior court of the award denying compensation, stated: "But

where he is returning to his employment and is injured at a place and time where it is necessary for him to be in order to get back to his work station at the time set for him to recommence his duties, the *situation is exactly the same as though he were arriving in the morning preparatory to undertaking his day's duties."* (Italics ours). No doubt this language misled the judge, to whom the case was appealed, but our meaning was that, where one, arriving on the master's premises, at a time and place necessary for him to commence or recommence his duties, or to do things necessary to prepare him to undertake such duties, there is no difference in fact between the employee who has arrived in the morning and one who has arrived after his lunch hour, which was free time spent by him on his own affairs. That this ruling could not be extended so as to reverse the award of the board denying compensation such as here, is amply illustrated by *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230), a "deviation from employment" case wherein the Supreme Court, reversing the Court of Appeals, held that there was sufficient evidence in the record to authorize the judgment of the board denying the claim. The time during which an employee normally journeys from his home to his place of employment, either at morning or noon, is, in the absence of special circumstances his own time. The director here correctly found that the accident did not arise out of and in the course of the employment, and denied compensation on that ground. Accordingly, it is unnecessary to decide whether or not the issue as to dependency was influenced by findings of fact not authorized by the evidence, as contended.

The judge of the superior court erred in reversing the director's award denying compensation.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*