38879. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al.* v. CARLAN.

DECIDED JUNE 23, 1961—REHEARING DENIED JULY 13, 1961.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee,* for plaintiffs in error.

*Howell C. Ravan, Herman H. Buckner,* contra.

FELTON, Chief Judge. The question for decision before us is whether or not the claimant employee's accident arose out of and in the course of his employment. Plaintiff in error contends that when the defendant in error left his immediate working

area and went to use the pay telephone he was no longer within the course of his employment, and that the accidental injury which he suffered was not such an "injury by accident arising out of and in the course of the employment" as would bring it within the purview of the Workmen's Compensation Act. In *General Accident Fire &c. Corp. v. Worley*, 86 Ga. App. 794 (72 SE2d 560), this court stated: "When injuries are sustained by employees who are not at the moment actually engaged in doing the work they have been hired to do, during [the] time for which compensation is paid them, but who are performing acts preparatory to entering or leaving their employment, *or other incidental acts within the period of their employment but not strictly in furtherance of it*, it becomes ordinarily a question of fact as to whether the requirements of the Workmen's Compensation Law have been met, and the burden is upon the claimant to meet these requirements . . . *Ordinarily, whether or not the accident arose out of and in the course of the employment is a question of fact, and the award of the board, if supported by any evidence, is conclusive.*" (Italics ours). There are many other cases cited to the same effect, i. e., that when the findings of fact by the deputy director of the State Board of Workmen's Compensation are supported by any evidence, they are conclusive on the courts where no fraud is shown. See *Home Indem. Co. v. Googe*, 45 Ga. App. 302 (164 SE 479); *Hartford Accident &c. Co. v. Davis*, 73 Ga. App. 10 (35 SE2d 521); *Atlantic Steel Co. v. McLarty*, 74 Ga. App. 300 (39 SE2d 733); *Fulton County Civil Court v. Elzey*, 101 Ga. App. 520 (114 SE2d 314).

Three facts adduced by the evidence tend to substantiate the finding that the claimant was "within the course of his employment" at the time of his accidental injury: (1) The employee was compensated by the employer for this "break period," (2) he was under the employer's control during the "break period," in that he could not leave his place of employment without the express permission of his supervisor, and even if he left, the ten-minute duration of the break would prevent his going outside the premises of the employer, and (3) claimant was acting in accordance with the instruction of his employer in keeping in touch with the personnel department in connection with his

application for a change of jobs within the plant. The placing of employees in jobs which are suitable to the skills and the limitations of the individual employee is at least of incidental importance to the employer, since the efficiency of operation of the employer's business is dependent to a large degree upon the competence of the individual employees to perform their particular duties. If the claimant, due to his limitations incurred by a previous accident on the job, was unable to perform fully the duties involved in one job, then surely it was in the interest of the employer to try to have him relocated so that it might retain the benefits of the employee's experience in the work without the drawback of his limitations. The record shows that the claimant had suffered a prior injury, which was held to be compensable, so the employer might be considered to have been fulfilling a moral obligation to see to it that he was placed on a job in which his physical limitations would not operate as a handicap. Having decided that claimant's communication with his employer's personnel department was not only permitted but also expected, we cannot say that claimant's use of the available pay telephone caused him to be acting outside of the course of his employment merely because he could have used another telephone, since he was free to go anywhere on the premises as long as he was back for work at the end of the ten-minute limit set by the employer.

The cases cited by the plaintiff in error all involve situations such as lunch time and rest breaks, in which the employee was engaged in individual pursuits not connected with his employment, and in which the employer exercised no control and did not compensate the employee for the times in question. The case of *Travelers Ins. Co. v. Smith,* 91 Ga. App. 305, 309 (85 SE2d 484), while it distinguishes between the preparation for work cases on the one hand, and the lunch period or rest period cases on the other hand, as plaintiff in error points out, also says that " . . . the theory on which compensation is refused in [the latter type of cases], cited in the director's findings of fact, is that the employee is about to *depart from the employer's premises to attend to something purely personal to himself.'* " (Italics ours). This court, in that case, allowed compensation

for the employee who was injured on the way back to work from his lunch hour, holding that stepping aside from the employment for this reason was not such a purely personal mission as not to be contemplated by the parties to the contract of employment.

Since, as indicated above, the employer, Lockheed Aircraft Corp., had such an interest in the claimant's communicating with its personnel department, and had such control and supervision over him as to require him to stay on the premises and be back at work at the end of the ten-minute rest break, it follows that claimant's accidental injury arose "out of and in the course of the employment" within the purview of the act; therefore the judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Bell and Hall, JJ., concur.*