## 50910. LOWE v. BITUMINOUS CASUALTY COMPANY et al.

EVANS, Judge.

This is a workmen's compensation case. The claimant sprained his back while lifting crossties, but continued to work and upon complaining to his foreman, was given lighter work. Some seven days after he sprained his back, his employment was terminated. On the tenth day after the injury (four days after his employment terminated), he sought medical treatment.

Based upon the doctor's medical testimony, in answer to a hypothetical question that the defendant should be home disabled about two weeks and that he should make a full recovery after a period of two or three weeks, an award of four weeks compensation was made by the deputy director and affirmed by both the board and the lower court. Claimant appeals. *Held:*

Claimant contends that the findings of the board are based in part on specific findings of fact not authorized by the evidence and must be set aside. The medical testimony is extremely limited because claimant visited the doctor on only one occasion, claiming pain in his back, and never returned for a follow-up visit. The doctor testified his diagnosis was a lumbosacral sprain; that in perhaps two weeks patient's pain might have been gone completely, but he had no way of knowing since the patient never returned. He also testified he anticipated patient could have returned to work in approximately two weeks since it takes about two or three weeks for such pain to subside and for the muscles to start healing in such cases.

There was evidence to support the award of the deputy director even though the employee testified at the hearing on July 24, 1974, that he was not working and had not worked since he sprained his back. Under the somewhat limited evidence here, the award of the deputy director was supported by the evidence. See *U. S. F. & G. Co. v. Maddox,* 52 Ga. App. 416 (1), 418 (183 SE 570); *Employers' Liab. Assurance Corp. v. Woodward,* 53 Ga. App. 778 (2) (187 SE 142); *Dill v. Ocean Accident &c. Co.,* 95 Ga. App. 60 (1) (96 SE2d 638).

We find the specific findings of fact were authorized

by the evidence, and the judgment cannot be set aside. Such cases as *Sisson v. American Mut. Liab. Ins. Co.,* 71 Ga. App. 284 (30 SE2d 501), and *Indemnity Ins. Co. of N. A. v. Westmoreland,* 93 Ga. App. 888, 890 (93 SE2d 193) are not applicable.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 23, 1975.

*William I. Aynes,* for appellant.

*Greer, Sartain & Carey, Joe B. Sartain, Jr.,* for appellees.