A95A1484. SOUTH GEORGIA TIMBER COMPANY et al.
v. PETTY.
(462 SE2d 176)

SMITH, Judge.

We granted a petition for discretionary appeal in this workers' compensation case to review two controlling issues: whether the claimant's injury arose out of and in the course of employment; and whether, at the time of injury, claimant had ended a personal detour and resumed work for her employer.

Carol Yvonne Petty is the sole owner of TNS Timber Company, which had an oral contract with South Georgia Timber Company to provide timber cutting services on a quantity basis. South Georgia Timber is located in Folkston, the county seat of Charlton County, Georgia, approximately 35 miles southeast of Waycross. Petty also resides there. South Georgia Timber deducted a per cord charge out of TNS Timber's checks for workers' compensation coverage. The owner of South Georgia Timber suggested to Petty that it would be much cheaper for her to obtain her own coverage for TNS. He recommended an insurance agent, and a meeting was arranged between Petty and the agent in Waycross, Georgia.

On the day scheduled for the meeting, Petty drove to Waycross and picked up the insurance agent. She testified that was her sole reason for going to Waycross that day. They drove to TNS Timber's work site in the woods about 30 miles south of Waycross, where the agent inspected the operation and checked TNS Timber's equipment. Petty drove the agent back to his office in Waycross, then stopped by a shopping mall in Waycross to use the rest room and look for a pair of rubber boots. She intended to return then to Folkston to deliver a check to her contract hauler. Upon entering her car, however, she was abducted by a man armed with a knife. She leaped or was pushed from the car, sustaining the injuries for which she seeks compensation.

The ALJ concluded that Petty's trip to Waycross was purely personal because it was for the purpose of obtaining insurance for her own company. Additionally, the ALJ found that Petty's further deviation to a shopping mall put her clearly outside the scope and course of her employment as a contract logger for South Georgia Timber. The appellate division affirmed the decision of the ALJ, and Petty appealed to the superior court. The superior court, relying on Petty's testimony that she had a check for her contract hauler in her car and planned to return to Folkston to pay him, held she had re-

turned to her duties for South Georgia Timber at the time she re-entered her car in Waycross. On this basis, the superior court set aside the findings of the ALJ and appellate division and remanded the case for further findings.

In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. *Jarallah v. Pickett Suite Hotel*, 204 Ga. App. 684, 686 (420 SE2d 366) (1992). "It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board. [Cits.]" *Durham v. Twiggs County Bd. of County Commrs.*, 210 Ga. App. 203, 204 (435 SE2d 688) (1993).

The factors used to determine whether an injury arises "out of" or "in the course of employment" are well established and include the physical location of the worker: "An injury arises 'in the course of' employment when it occurs within the period of the employment, *at a place where the employee may be in performance of her duties* and while she is fulfilling or doing something incidental to those duties. [Cit.] An injury arises 'out of' the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury. [Cit.]" (Emphasis supplied.) *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). In contrast, "[w]here the employee steps aside from his employer's business to do some act of his own, not connected with his employer's business, the relationship of employer and employee, or master and servant, is, as to that act, completely suspended, and an accident occurring at that time, resulting in injury to the employee, does not arise out of the employment within the meaning of the Workmen's Compensation Act." *Hartford Accident &c. Co. v. Souther*, 110 Ga. App. 84, 85 (2) (137 SE2d 705) (1964).

Petty contends she returned to her duties for South Georgia Timber the moment she entered her car to return to Folkston, citing *Glens Falls Indem. Co. v. Sockwell*, 58 Ga. App. 111 (197 SE 647) (1938). That decision makes clear, however, that Sockwell at the time of injury was "at a place where he had a right to be in pursuance of his duties" and "was on his regular route" when he stopped to assist a stranded motorist. Upon re-entering his truck, he resumed his activities for his employer at a place he was authorized to be. Id. at 114-115. The extent of a worker's deviation from the geographical route taken on the business of the employer clearly is relevant in determining whether an injury that occurs as he returns to work arises out of and in the course of employment. See, e.g., *Fulton County Civil Court*

*v. Elzey*, 101 Ga. App. 520, 522 (114 SE2d 314) (1960) (employee struck by car in street "immediately adjoining the courthouse" on the way to complete his day's work); *Hartford*, supra, 110 Ga. App. at 86 (employee "never did turn off his direct route").

For a deviation to come to an end at the moment the worker turns back, the worker must be "in the general proximity of the place where he was employed to be and at a time he was employed to be in that general proximity." *London Guarantee &c. Co. v. Herndon*, 81 Ga. App. 178, 181 (58 SE2d 510) (1950) (claimant took alternate route of beachfront road a short distance past his destination). Where an employee "step[ped] aside from the usual employment to engage in some matter purely personal to himself such as going away from the place of work to talk to another person entirely disconnected from the employment . . . the return from this purely personal mission was a part of the mission, which was a mission not contemplated by the contract of employment." *Travelers Ins. Co. v. Smith*, 91 Ga. App. 305, 310-311 (85 SE2d 484) (1954). While a slight geographical deviation may not be conclusive, taking into account the other facts and circumstances of the case, a more substantial deviation may lead to the conclusion that an injury sustained while returning from the mission does not arise out of or in the course of employment.

We cannot hold as a matter of law, therefore, that Petty's injury arose out of and in the course of her employment with South Georgia Timber. She was still a substantial distance from any place she would have been while on the business of the employer: approximately 35 miles from Folkston and 30 miles from the timber her company was cutting that day. Her only purpose in traveling to Waycross at all was to obtain insurance for her own company, TNS Timber.

Under these circumstances, we cannot conclude that Petty had resumed her duties to South Georgia Timber as soon as she re-entered her car at the shopping mall. She had not yet returned to or near the route she would have followed to pay her contract hauler in the absence of her personal errand to Waycross. Whether the Waycross shopping mall was a place she was "reasonably expected to be" in the course of her employment was, at most, a question of fact for the ALJ and appellate division. This question was decided adversely to Petty, and neither the superior court nor this Court is authorized to find otherwise. The superior court erred in reversing the award of the ALJ and appellate division.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 12, 1995.

*Clyatt & Clyatt, Robert M. Clyatt*, for appellants.

*Gibson & Spivey, Douglas L. Gibson, Andrew C. Spivey,* for appellee.