## A96A1267. COX v. ADVONI et al.
(474 SE2d 290)

Judge Harold R. Banke.

This workers' compensation case arose after Deborah Lee Cox fractured her ankle while moving a carpet in the course of her employment at Travel Host Inn, owned by Bagwan Advoni. After an administrative law judge ("ALJ") awarded Cox total disability benefits and an appellate panel affirmed, the superior court summarily reversed. We granted Cox's application for discretionary appeal to consider her challenge to the superior court's reversal of her award.

The ALJ's award was premised on findings that (1) Cox was an employee of Travel Host Inn; (2) her injury arose in the course of her employment; and (3) Travel Host Inn employed three employees, a

number sufficient to subject it to the workers' compensation laws under OCGA § 34-9-2. The employer raised only the latter issue before the superior court, arguing that the award should be reversed in the absence of evidence sufficient to establish that Gayla Lawson, the requisite third employee, worked for Travel Host Inn. *Held*:

"In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division." *South Ga. Timber Co. v. Petty*, 218 Ga. App. 497, 498 (462 SE2d 176) (1995). When supported by any evidence, the findings of the State Board of Workers' Compensation are conclusive and binding. Id.

The superior court erred in implicitly holding that no evidence supported the Board's affirmance of the ALJ's finding that Travel Host Inn employed the requisite number of workers to subject it to the workers' compensation law.[1] In so doing, the superior court improperly substituted itself as a factfinding body in lieu of the Board. Id.

It is undisputed that at the time of the injury Travel Host Inn employed both Cox, who supplied janitorial services, and Carl Jenkins, the night manager. The record also shows that Advoni testified that Gayla Lawson was his secretary. She worked nine to five, five days per week in her office, which was located at Travel Host Inn. In Advoni's absence, Lawson rented rooms to the Inn's guests and kept an eye on the front desk. She also kept Travel Host Inn's books. Notwithstanding Advoni's claim that he paid Lawson through a separate corporation, this evidence, properly viewed in the light most favorable to the party prevailing before the Board, is sufficient to support the finding that Lawson was Travel Host Inn's employee. Id.; see *Harris v. Seaboard Farms &c.*, 207 Ga. App. 147, 150 (427 SE2d 524) (1993). In light of this analysis, we need not reach Advoni's remaining enumerations.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 5, 1996.

*Merlyn D. Hall*, for appellant.
*J. Edwin Peavy*, for appellees.

---

[1] In the absence of any indication of the issue on which its rejection of the award was based, we must assume the superior court limited its ruling to the sole issue presented to it on appeal.