## A03A0077. DALTON v. JONES et al.
### (581 SE2d 360)

ADAMS, Judge.

Plaintiff Jacqueline Dalton filed a negligence action against Andruw Jones, a major league baseball player, and the Atlanta National League Baseball Club, Inc. (Atlanta Braves) seeking to recover for injuries she allegedly sustained when she was struck by an errant baseball. Finding that Dalton assumed the risk of injury, the trial court granted summary judgment to both defendants. On appeal, Dalton contends that the trial court misapplied the doctrine of assumption of risk in the context of sports events and failed to properly apply the concept of gross negligence. We find no error and affirm.

On June 6, 2000, Dalton attended an Atlanta Braves baseball game held at Turner Field. According to Dalton, as she "was beginning to proceed towards the concession stand," she was suddenly hit in the face by a baseball. She alleged that Atlanta Braves' outfielder Jones "was negligent in throwing a baseball in the stands in between innings of the game." Claiming she sustained a permanent eye injury, she attributed that injury and "permanent disfigurement to her face" to the gross negligence of Jones. She also asserted that the

---

[6] (Citations and punctuation omitted.) *Osborn v. State*, 233 Ga. App. 257, 258 (1) (504 SE2d 74) (1998).

Atlanta Braves were "negligent in not providing the Plaintiff with sufficient protection by failing to properly educate and train it[s] players as to the potential danger of such acts, and for failing to provide equipment in the stands to protect the spectators." Dalton's lawsuit relied exclusively on theories of negligence and gross negligence and did not allege any intentional conduct.

Jones and the Braves asserted the affirmative defense of assumption of risk and also claimed that Dalton failed to exercise ordinary care for her own safety. The trial court found the defense of assumption of risk precluded Dalton's recovery.

1. Dalton contends that the trial court erred by misapplying the defense of assumption of risk. She claims that she did not assume the risk of this type of injury.

On summary judgment, the evidence must be viewed in the light most favorable to the nonmovant. See *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713, 714 (279 SE2d 210) (1981). But, even assuming that Dalton can prove that Jones threw or tossed a baseball that went into the stands and further assuming that this baseball hit Dalton in the face, Dalton failed to show that the trial court erred in deciding the case adversely to her. We find, as did the trial court, that this case is controlled by *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572 (56 SE2d 828) (1949). Pursuant to the longstanding rule set forth in *Hunt*:

> [O]ne who buys a ticket for the purpose of witnessing a baseball game and who chooses or accepts a seat in a portion of the grandstand which his own observation will readily inform him is unprotected, voluntarily assumes the risks inherent in such a position, since he must be presumed to know that there is a likelihood of wild balls being thrown and landing in the grandstand or other unprotected areas.

Id. at 573. It is undisputed that Dalton had a seat in an unprotected area of the stadium. By her own admission, Dalton did not see the ball coming toward her, and apparently was not keeping a close lookout on the field. Although Dalton asserts that Jones should have warned her and other spectators, no Georgia case has ever held that a warning is required before a baseball player throws a ball. Dalton's reliance upon *Thomas v. Shaw*, 217 Ga. 688 (124 SE2d 396) (1962), in support of this argument is misplaced. In golf, unlike in baseball, when a golfer strikes an errant shot, he is expected to yell "fore" to warn his fellow golfers and spectators of the imminent danger. See id. at 689 (1). Even so, despite this duty to warn, "people who are on a golf course must assume the risk of being injured from a defected or hooked or sliced ball." *Rose v. Morris*, 97 Ga. App. 764, 768 (104 SE2d

485) (1958). We decline to impose a duty to warn on the game of baseball.

2. Dalton contends that the trial court misapplied the concept of gross negligence. She asserts that a jury should decide whether Jones displayed grossly negligent conduct and exhibited a total disregard for her safety by throwing a baseball into the stands.

Dalton's evidence, however, cannot sustain these assertions. In her verified response to interrogatory 3, Dalton stated that "Jones and another Braves player . . . were pitching [the] ball back and forth to each other [after] coming back onto [the] field when it was time for [an]other player on the other team to hit the ball. Mr. Jones threw the ball into the stands around this time as I was just standing up to go and get a soda." But, in an apparent effort to avert summary judgment, Dalton offered an affidavit from her companion, Thomas Franklin, Sr., who testified that he saw Jones, "without warning to the spectators, throw the ball into the stands," between innings, when "the game was not in play at the time." But Dalton offered no evidence to show that Jones intentionally, as opposed to negligently, threw the baseball into the stands. And the trial court in its order granting summary judgment noted that in fact, at the motion hearing, Dalton's counsel conceded that Jones' actions were not intentional. Therefore, even when the evidence is considered in Dalton's favor, at most it shows that during an Atlanta Braves game, while a spectator in an unprotected area of the stadium, Dalton was accidentally hit by an errant baseball. Whether the ball was thrown or tossed during an inning of play or between innings lacks legal significance because, as the trial court noted, "this throw occurred during a time which was necessary to the playing of the game, during which time the Plaintiff has assumed the risk of injury from bats, balls, and other missiles." Compare *Sutton v. Sumner*, 224 Ga. App. 857, 860 (482 SE2d 486) (1997) (racing fan injured by a wrecker improperly towing car inside the pit area did not assume the risk of such an injury as a matter of law).

As a final matter, we note that in her verified response, Dalton stated that "[o]ther witnesses have told me, however, that Andruw Jones had caught a fly ball as the third out in an inning and then tossed it into the stands." But this assertion is inadmissible hearsay lacking in probative evidence. See *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 586 (490 SE2d 107) (1997) (evidence on summary judgment held to same standards of admissibility as evidence at trial). Therefore, since Dalton failed to come forth with specific evidence giving rise to a triable issue, summary judgment was proper. See *Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 9, 2003.

*Edward W. Gadrix, Jr.,* for appellant.
*Swift, Currie, McGhee & Hiers, Bradley S. Wolff,* for appellees.