A04A0581. FOWLER v. ALPHARETTA FAMILY SKATE CENTER, LLC.

(601 SE2d 818)

BARNES, Judge.

Craig Fowler appeals the grant of summary judgment to Alpharetta Family Skate Center, LLC, doing business as The Cooler ("the Cooler"). He contends the trial court erred by applying the doctrine of assumption of the risk in his case. For the reasons that follow, we affirm the trial court.

1. In Georgia,

[t]he standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) [(1991)]. On appeal, a grant of summary judgment will be affirmed if it is right for any reason. Further, when

ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.

(Citations omitted.) *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Giving Fowler the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions in his favor, the record shows that he was injured at the Cooler shortly after he started skating. An 11-year-old boy skated into him from behind, and Fowler fell to the ice, striking his head.

According to Fowler's sister, who witnessed his fall, Fowler was a little in front of her when a little boy who was skating backwards ran into the back of Fowler, and he fell down. When he was hit, Fowler was standing still and had just turned his head to say something to her. Fowler's back was toward the flow of the other skaters. The boy was skating very fast backwards without looking where he was going before he hit Fowler.

Fowler was a very experienced ice skater; he could skate "before [he] could walk." He had skated at indoor rinks previously. As a skater, he had fallen previously and was aware that one could fall on the ice for various reasons. Additionally, he roller-bladed every week. Before this fall, he had collided with other skaters while roller-blading, but he had never done so while ice skating. Fowler also knew that some ice skaters skated backwards. He knew that skaters of all ages might be skating, and on the day he fell he saw that mostly young children were skating.

Fowler has no recollection of what happened to cause his fall. He just recalls stepping out on the ice, stopping to turn and look at his sister, and then does not recall what happened next. Fowler did not believe that there were any patrols on the ice before he stepped on it and had no expectation that patrols would be there. He was not coerced to go out on the ice.

Fowler knew that head injuries were a potential danger from skating because he asked the Cooler about renting a helmet on the day of his injury. Further, he regularly wore a helmet when he roller-bladed.

Fowler's complaint alleged that the Cooler failed to keep its premises safe because its employees failed to monitor the speed and safety of the skaters. The Cooler answered denying liability and, after discovery ended, moved for summary judgment, contending that

Fowler had assumed the risk of his injuries and that he had equal knowledge of the ice skater with whom he collided. Fowler responded to the motion contending that the Cooler was negligent by failing to have Skate Guards on the ice when he was injured and because, even if Skate Guards were present, they failed to exercise ordinary care in their duties. The primary thrust of the response was that the defense was not established as a matter of law, and that the Cooler was confusing assumption of the risk with contributory negligence. Nevertheless, the trial court found that Fowler had assumed the risk and granted summary judgment to the Cooler.

On appeal, Fowler contends that the grant of summary judgment was unwarranted because the evidence does not show that he appreciated the specific risk he faced. He also contends that he could not assume the risk of others' negligence.

3. In this State,

> [t]he defense of assumption of risk requires: (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) that he voluntarily exposed himself to such risk. Stated another way: The doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury. In its simplest and primary sense, assumption of risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone. In by far the greater number of cases, the consent to assume the risk has not been a matter of express agreement, but has been found to be implied from the conduct of the plaintiff under the circumstances. Although assumption of the risk is ordinarily a jury question, in plain, palpable, and indisputable cases resolution of the issue by a jury is not required.

(Citations and punctuation omitted.) *Young v. Brandt*, 225 Ga. App. 889, 891 (3) (485 SE2d 519) (1997). Further,

> [k]nowledge of the risk is the watchword of assumption of risk. Under ordinary circumstances the plaintiff will not be taken to assume any risk of either activities or conditions of which he has no knowledge. Moreover, he must not only know

of the facts which create the danger, but he must comprehend and appreciate the nature of the danger he confronts.

(Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (4) (409 SE2d 524) (1991) (citing Prosser & Keeton, The Law of Torts, § 68, p. 487 (5th ed. 1984)), disapproved on other grounds, *Robinson v. Star Gas &c.*, 269 Ga. 102, 104 (1) (498 SE2d 524) (1998).

As a defendant asserting the defense of assumption of the risk, the Cooler was required to establish all the elements of the defense, *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94-95 (3) (449 SE2d 618) (1994), before the burden to produce evidence shifted to the plaintiff. *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 691 (2) (458 SE2d 876) (1995). The Cooler could not merely point to the absence of evidence rebutting the defense. Id.

We find that the evidence the Cooler presented, discussed above, is sufficient to establish the defense of assumption of the risk. From his experience skating and roller-blading Fowler knew that he might collide with another skater and that he might fall either as a result of the collision or for many other reasons. The fact that he attempted to rent a helmet to protect his head from injury shows that he understood and appreciated the risk of injury he would face if he did fall and strike the ice. Finally, Fowler admitted that he voluntarily went on the ice.

Although Fowler points to actions which he claims were negligence on the part of the Cooler, our law does not require that he must have consented to the individual acts of negligence, but that he consented to the known risks arising from his choosing to skate. *Desai*, supra, 229 Ga. App. at 165-166 (4). In assessing whether Fowler had the requisite knowledge of the danger and appreciation of the risks, we apply a subjective standard and look to what he knew, understood and appreciated. *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996); *Beringause v. Fogleman Truck Lines*, supra, 200 Ga. App. at 824 (4). His own testimony shows that Fowler not only knew the dangers of ice skating, including colliding with another skater, but that he appreciated that he needed protection for his head in the event he fell.

Therefore, the evidence shows that Fowler assumed the risk of his injuries, and the trial court did not err by granting summary judgment to the Cooler for that reason.

4. Fowler's argument that one cannot assume the risk of another's negligence is based on statements in *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 117 (4) (460 SE2d 800) (1995), that have no application in this case. See *Kroger Co. v. Williams*, 257 Ga. App. 833 (572 SE2d 316) (2002). Here, Fowler has not been found to

assume the negligence of a third party; instead, he has been found to have assumed the risks associated with ice skating, which he admitted were known to him. Accordingly, this argument is also without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 2, 2004.

*Donald W. Singleton*, for appellant.
*Webb, Zschunke, Neary & Dikeman, Brian R. Neary*, for appellee.