A04A2195. O'NEAL et al. v. SIKES et al.
(609 SE2d 734)

MILLER, Judge.

Patricia O'Neal sued Corey and Tammy Sikes for injuries suffered by a nine-year-old boy who fell from a rope leading to a treehouse. The Sikeses moved for summary judgment, which the trial court granted. O'Neal appeals from this ruling. Since the evidence reveals that the child, through his own conduct and behavior prior to the accident, assumed the risk of his injuries as a matter of law, under the current binding law of Georgia, we are constrained to affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

The evidence reveals that Corey Sikes attached a rope swing to a tree that contained a treehouse. The treehouse had three levels, the highest of which was 25 feet above the ground.

Nine-year-old N. P. decided to swing on the rope swing after seeing other children do so because he thought that it looked like fun. The undisputed evidence reveals that N. P. is an intelligent child who received As and Bs in school, and he told one of the children at the rope swing that he wanted to be a daredevil. N. P. climbed to the third level

---

of the treehouse and fell when he attempted to swing from the rope, resulting in serious injuries.

O'Neal, individually and as next friend of N. P., sued Corey Sikes and his wife, Tammy, for N. P.'s injuries.[1] Following the grant of the Sikeses' motion for summary judgment, O'Neal appeals.

Assumption of risk is generally a jury issue, although, in plain and palpable cases such as this one, the issue may be decided by a judge as a matter of law. *Spooner v. City of Camilla*, 256 Ga. App. 179, 181 (2) (a) (568 SE2d 109) (2002). In order to establish the defense of assumption of risk, the Sikeses were required to show that N. P. "(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." (Citation omitted.) *Stewart v. Harvard*, 239 Ga. App. 388, 396 (4) (b) (520 SE2d 752) (1999). Even though N. P. is a child of tender years, "there is no legal bar to applying assumption of the risk, as a matter of law, to the conduct of a child between the[ ] ages [of seven and fourteen] when the evidence shows that the danger was obvious, that the child knew of the danger and was able to appreciate the risks associated with it, and the child voluntarily chose to run the risk." (Footnote omitted.) *Spooner*, supra, 256 Ga. App. at 182 (2) (a).

Moreover, this Court has held that the risk of falling from great heights is a risk that is normally understood by young children absent other factors creating additional risks of harm. See *Riley v. Brasunas*, 210 Ga. App. 865, 867 (1) (438 SE2d 113) (1993). Indeed,

> [n]o danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. Certainly a normal child of nearly [nine] years of age knows that if [he] steps or slips from a tree, a fence, or other elevated structure, [he] will fall to the ground and be hurt.

(Citation and punctuation omitted.) Id. Here, there was no evidence of other factors that would have prevented N. P. from appreciating the dangers associated with the rope swing. It is undisputed that N. P. is an intelligent child who would know that climbing a tree and falling to the ground from great heights could result in injury. Yet, unfortunately, he chose to climb to the top of a tree and attempt to use a rope swing from nearly 25 feet above the ground. The Court regrets that children will sometimes engage in reckless behavior to their detriment. However, assumption of risk is binding precedent in Georgia.

---

[1] The other individuals and entities sued by O'Neal are not involved in this appeal.

See *White v. Ga. Power Co.*, 265 Ga. App. 664, 666 (1) (595 SE2d 353) (2004), cert. denied, Case No. S04C1090, 2004 Ga. LEXIS 423. The Supreme Court of Georgia has yet to modify this sometimes harsh doctrine, even with respect to children, and so we must follow it. The record here reveals that N. P. assumed the risk of his injuries as a matter of law, and that the trial court properly granted summary judgment to the Sikeses.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 25, 2005.

*Savage, Turner & Pinson, Robert S. Kraeuter*, for appellants.
*Thompson & Smith, Larry I. Smith*, for appellees.