A05A1100. BERNATH et al. v. PEOPLE SUCCESS, INC.
(619 SE2d 378)

MILLER, Judge.

Sue and David Bernath appeal from a grant of summary judgment to People Success, Inc., the owner of the shop that sold the hot coffee that burned Ms. Bernath. We find no error and affirm.

On appeal from a grant of a motion of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

Viewed in the light most favorable to the Bernaths, the evidence shows that Ms. Bernath's co-worker purchased five 16-ounce cups of coffee, four of which were hot, at Somethin's Brewin', a coffee shop owned by People Success, Inc. ("the shopowner"). The shop provided a tray with four cupholders for carrying the coffee. The co-worker carried the tray to her car and gave it to Ms. Bernath, who had already seated herself in the front passenger seat. As she did so, the co-worker warned Ms. Bernath that the tray was "very wobbly." The co-worker then started the car, backed out of the parking space, and began to leave the parking lot. As the car began to move, Ms. Bernath lifted the coffee off her legs and said, "[Y]ou're right. This is very

wobbly." As the car went over a speed bump, the cups fell out of their holders and spilled their contents onto Ms. Bernath, who was burned.

The Bernaths sued, alleging that the shop had been negligent when it provided a tray unfit for the purpose of carrying its coffee and that the shopowner was therefore liable for a variety of damages as well as attorney fees. The shopowner moved for summary judgment, which was granted. The Bernaths now appeal, arguing that a question of fact remains as to whether the coffee shop was negligent in providing the tray.

In order to make out the defense of assumption of risk, a defendant must be able to point to evidence that (1) the plaintiff had some actual knowledge of the danger; (2) she understood and appreciated the risk therefrom; and (3) she voluntarily exposed herself to that risk. *Fowler v. Alpharetta Family Skate Center*, 268 Ga. App. 329, 331 (3) (601 SE2d 818) (2004). "In [most] cases, the consent to assume the risk has not been a matter of express agreement, but has been found to be implied from the conduct of the plaintiff under the circumstances." Id.

Even if we were to assume here that the shop was negligent in providing trays that were unfit for the purpose of carrying its 16-ounce cups of hot coffee, the evidence is uncontradicted that Ms. Bernath accepted the tray offered to her with the knowledge that the tray loaded with hot coffee was "very flimsy" and "very wobbly." Ms. Bernath also told the co-worker after the fact that she had kept the tray on her lap rather than placing it on the floor of the car because "she didn't want anything to get on [the co-worker's] new car." We can draw no other conclusion from these circumstances, including this admission, but that Ms. Bernath knew of the substantial risk that the coffee might spill into her lap, and that she assumed this risk both when she decided to take the tray and when she kept it on her lap rather than placing it on the floor of her friend's new car. See OCGA § 24-3-31 (party's admission to record is admissible); *Sones v. Real Estate Dev. Group*, 270 Ga. App. 507, 508-510 (1) (606 SE2d 687) (2004) (worker using makeshift platform on forks of forklift assumed risk of injury).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 3, 2005.

*Douglas N. Fox*, for appellants.
*Sartain, McKay & Crowell, Frank McKay*, for appellee.