## A06A0239. LILES v. INNERWORK, INC.
### (631 SE2d 408)

RUFFIN, Chief Judge.

Debra Liles was injured at a corporate retreat while participating in a "team-building" activity organized by Innerwork, Inc. Liles sued Innerwork, claiming gross negligence by its employees. The trial court granted summary judgment to Innerwork, concluding that Liles had assumed the risk of injury by participating in the activity. We agree with the trial court and affirm.

We review a grant of summary judgment de novo, "giving the opposing party the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion."[1] So viewed, the evidence shows that as part of a retreat sponsored by her employer, Liles took part in a team-building program organized by Innerwork. She was assigned to a group led by Jay McLeod, an Innerwork employee. Liles executed a release relieving Innerwork of liability for any injury she might suffer unless that injury was caused by gross negligence or wilful misconduct.

After engaging in several other activities, Liles' group was to perform an activity called "Over, Under, Through." The group was placed in an imaginary box whose boundaries were indicated by stakes and strips of caution tape. Members of the group were to assist each other in getting out of the box. Liles had some concerns about the safety of this activity, but agreed to participate. She had declined to participate in at least two of the previous activities because she felt they could be dangerous.

Liles was the first participant to be lifted over the tape, which was estimated to be eight feet high. Liles expected McLeod to assist her once she was lifted over the tape. Prior to being lifted up by her teammates, Liles saw McLeod standing on the other side of the tape. Once she had been lifted up, however, she realized McLeod was not there to assist her. Liles jumped to the ground and injured her knee.

Innerwork moved for summary judgment on Liles' claim, relying on an affidavit by McLeod and depositions given by Liles and Greg Newell, one of the people who had lifted her. Liles submitted an affidavit in response to the motion for summary judgment that, she argues, created genuine issues of material fact as to whether Innerwork was grossly negligent and whether she assumed the risk of injury. The trial court granted Innerwork's motion, and Liles appeals.

1. Liles first contends that the trial court erred in failing to consider as evidence her affidavit submitted in response to the

---

[1] *Gibson v. Symbion, Inc.*, 277 Ga. App. 721 (627 SE2d 84) (2006).

motion for summary judgment. The trial court found that Liles' affidavit was self-serving and conclusory and thus did not create an issue of fact for trial. In order to be considered by the trial court,

> [a]ffidavits supporting and opposing summary judgment must be made on personal knowledge and must set forth such facts as would be admissible in the evidence. All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment. A self-serving, conclusory affidavit not supported by fact or circumstances is insufficient to raise a genuine issue of material fact.[2]

In her affidavit, Liles made several statements that contradict her deposition testimony. Specifically, she stated in the affidavit that: "I was told that I must take part in the activity and that I would be the first participant in the activity"; "as members of the group were lifting me over the tape, Mr. McLeod received a radio transmission from the Innerwork base camp"; and "Mr. McLeod moved away from the 'box' in order to talk on the radio." In her deposition, however, she testified that she understood she was not required to participate in any activity; she had already refused to participate in two activities she felt were dangerous; and while she had qualms about being lifted by her teammates, she chose to participate, asking her teammates "to make sure that they held onto me the whole time." This was corroborated by Newell's testimony that Liles volunteered to go first because she had been a cheerleader and knew how to land. Liles also testified that she did not know where McLeod had gone when he moved away from the box; rather, she later heard from "somebody" that "he was talking to his girlfriend on his cell phone."[3] And Newell had no recollection of McLeod using a cell phone during the activity.

On motion for summary judgment, the court must construe any contradiction between a party's deposition testimony and affidavit against the party, unless the contradiction is satisfactorily explained.[4] "Whether such testimony is contradictory, and whether a reasonable explanation has been offered[,] is a question of law for the

---

[2] (Citations and punctuation omitted.) *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001).

[3] This testimony is inadmissible on hearsay grounds. See *Dalton v. Jones*, 260 Ga. App. 791, 793 (2) (581 SE2d 360) (2003).

[4] See *Walker v. Brannan*, 243 Ga. App. 235, 237 (533 SE2d 129) (2000); see generally *Gentile v. Miller, Stevenson, & Steinichen, Inc.*, 257 Ga. 583 (361 SE2d 383) (1987) (outlining "contradictory testimony rule").

trial court."[5] We agree with the trial court that portions of Liles' affidavit contradict her deposition testimony, and the record contains no explanation for these contradictions. As such, the trial court properly refused to consider the contradictory testimony contained in Liles' affidavit.[6] The uncontradicted portion of Liles' affidavit should have been considered in evaluating the motion; thus, to the extent the trial court excluded the entire affidavit, it erred.[7] Any error was harmless, however, as the remaining portions of the affidavit are duplicative of Liles' deposition testimony, which was before the trial court.[8]

2. The trial court found that Liles assumed the risk of her injuries even if, as she stated in her affidavit and deposition, she believed that McLeod was going to assist her and he did not. Liles, however, contends that she cannot have assumed the risk because she relied on McLeod's assurances in deciding to participate and thus was misled about the safety of the activity.

Summary judgment on the issue of assumption of the risk is appropriate "where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion."[9] In order to establish assumption of the risk, the evidence must show that Liles "(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [herself] to those risks."[10]

We agree with the trial court that Liles had actual knowledge of the danger associated with the activity and appreciated the risk involved, "as any reasonable person would understand the danger inherent in allowing oneself to be dropped from a height of eight to ten feet." We have repeatedly held that "no danger is more commonly realized or risk appreciated . . . than that of falling."[11] Moreover, Liles' testimony that she understood there was a risk of falling even if McLeod assisted her undermines her claim.[12] And when Liles was being lifted and saw that McLeod was not there, she did not ask to be lowered back to the ground, but instead chose to jump. The evidence,

---

[5] *Worley v. State Farm &c. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993).

[6] See *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516, 517-518 (1) (492 SE2d 281) (1997).

[7] See *Fieldstone Center v. Stanley*, 216 Ga. App. 803, 804 (1) (456 SE2d 61) (1995).

[8] See *Moody v. Dykes*, 269 Ga. 217, 218 (1) (496 SE2d 907) (1998).

[9] *Sones v. Real Estate Dev. Group*, 270 Ga. App. 507, 509 (1) (606 SE2d 687) (2004).

[10] *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996).

[11] (Punctuation omitted.) *O'Neal v. Sikes*, 271 Ga. App. 391, 392 (609 SE2d 734) (2005); see also *Barnes v. Fulton*, 213 Ga. App. 806, 807 (446 SE2d 213) (1994).

[12] See *Fowler v. Alpharetta Family Skate Center*, 268 Ga. App. 329, 332 (3) (601 SE2d 818) (2004).

construed most favorably to Liles, shows that she voluntarily engaged in the activity knowing that she risked injury from falling.[13] Thus, the trial court did not err in granting summary judgment to Innerwork on the basis of Liles' assumption of the risk.[14]

3. Based on our holding in Division 2, we need not determine whether a genuine issue of material fact exists as to the gross negligence of Innerwork. The trial court found that Liles had assumed the risk of injury even if Innerwork was grossly negligent, and assumption of the risk is a valid defense to gross negligence.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 12, 2006.

*George L. French*, for appellant.
*Drew, Eckl & Farnham, Douglas C. Dumont, Bruce A. Taylor, Jr.,* for appellee.

---

[13] See id.

[14] See id.; *Jekyll Island State Park Auth. v. Machurick*, 250 Ga. App. 700, 701-702 (1) (552 SE2d 94) (2001).

[15] See *Muldovan v. McEachern*, 271 Ga. 805, 809 (2) (523 SE2d 566) (1999) ("a plaintiff's assumption of the risk will bar his action even though there was wilful and wanton misconduct on the defendant's part") (punctuation omitted).

