### A07A0682. CHAMPION et al. v. PILGRIM'S PRIDE CORPORATION OF DELAWARE, INC.
(649 SE2d 329)

MILLER, Judge.

Dianne Martin was struck and killed by a backing tractor-trailer operated by Rafael Figueroa, an employee of ConAgra Poultry Company, now known as Pilgrim's Pride Corporation of Delaware, Inc. (the "Company"). Martin's daughter, Tlisa R. Champion, individually, and as administratrix of Martin's estate (collectively "Champion"), filed a wrongful death complaint seeking damages upon claims of premises liability, negligence, negligence per se, and respondeat superior.

The Company filed its initial motion for summary judgment, arguing that Champion's claims were work-related and thus barred under the exclusive remedy provision of the Workers' Compensation Act, which motion the trial court denied. The Company, thereafter, filed a second motion for summary judgment, challenging Champion's claims relying on the defenses of assumption of the risk and equal knowledge of hazardous condition. The trial court granted this motion for summary judgment, and Champion appealed. Thereafter,

---

we granted Champion's request for oral argument. Finding genuine issues of material fact remaining, we reverse.[1]

Upon motion for summary judgment, it is the movant's burden to show that no jury question is at issue and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence of record showing no evidence in support of the nonmovant's case. Id. After the movant discharges his burden, the nonmovant cannot rest on his pleadings, but instead must come forward with evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's decision on motion for summary judgment de novo, "viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. [Cit.]" *Gilhuly v. Dockery*, 273 Ga. App. 418, 418-419 (615 SE2d 237) (2005).

So viewed, the evidence shows that Martin was fatally injured on August 13, 2003 at the Company's plant in Athens. At approximately 9:30 that evening, Figueroa, a waste water operator employed by the Company, felt the back right tire of the tanker truck he drove run over something as he backed the vehicle in the Company's live poultry receiving area. Figueroa immediately stopped his truck and discovered that he had run over Martin with the back tire of his vehicle. Ned Brown, the on-duty receiving area supervisor with whom Martin had come to work, called 911, and an ambulance was dispatched to the scene. After its arrival, Martin received initial treatment and was transported to a hospital where she died of her injuries later in the evening.

The evidence otherwise showed that the accident occurred approximately 78 minutes before Martin was to have begun her shift as an evisceration employee. Company employees were prohibited from clocking-in more than 30 minutes before work began. It is undisputed that at the time of the accident, the decedent needed no more than ten minutes to get to her work station.

Champion contends that the trial court erred in granting the Company's second motion for summary judgment. Finding jury questions remaining as to whether the defenses of assumption of the risk and equal knowledge of danger lie in the instant circumstances,

---

[1] In light of our disposition of this case, we need not consider Champion's claim of error in the alternative, challenging summary judgment for the Company upon evidence showing the contributory negligence of the Company.

and in whether Champion's claims are barred by the exclusive remedy provision of the Workers' Compensation Act, we reverse.

a. Champion argues that summary judgment for the Company grounded on the defense of assumption of the risk was error, because the evidence fails to show that Martin had actual and subjective knowledge that a truck was backing toward her and still chose to race against its approach. The Company argues that it is entitled to summary judgment because Martin chose to walk across the receiving area knowing that truck traffic therein was continuous and a danger to her safety.

The defense of assumption of the risk forecloses recovery when the evidence shows that the plaintiff, unprompted by the circumstances, takes a course of action fully appreciating the danger it poses and nonetheless voluntarily chooses to go forward or not to go forward in the act. *Durham v. Mason*, 256 Ga. App. 467, 469 (2) (568 SE2d 530) (2002).

> In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [herself] to those risks. Knowledge of the risk is the watchword of assumption of risk, and means both *actual* and *subjective* knowledge on the plaintiff's part. . . . *The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities.*

(Punctuation and footnotes omitted; emphasis in original and supplied.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). "The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury." (Footnote omitted.) Id.

Here, there is no direct evidence that the decedent had a particularized, subjective appreciation of the risk associated with the truck traffic in the receiving area. See *Atlanta Affordable Housing Fund v. Brown*, 253 Ga. App. 286, 288 (558 SE2d 827) (2002) (foreclosing summary judgment for the defendant for lack of such evidence). The Company maintains, however, that the decedent's consent to assume the risk may be implied in the circumstances of this case. We disagree.

The Company correctly argues that a plaintiff having knowledge of the risk may be "regarded as tacitly or impliedly agreeing to take

his own chances." (Citations and punctuation omitted.) *Owens-Illinois, Inc. v. Bryson*, 138 Ga. App. 78, 79 (225 SE2d 475) (1976). See, e.g., *Desai v. Silver Dollar City*, 229 Ga. App. 160, 165 (3) (493 SE2d 540) (1997) (consent to assume risk implied as to amusement park water rafts coming from behind and injuring plaintiff based upon a warning to exit raft only when directed); *Fowler v. Alpharetta Family Skate Center*, 268 Ga. App. 329 (601 SE2d 818) (2004) (consent to assume risk of injury while skating implied where experienced skater knew other skater may collide with him). This, however, is not such a case.

While the record shows that the Company placed a sign in the vicinity of the receiving area warning its employees that the receiving area was restricted to authorized personnel only, the sign did not warn employees against traffic — either continuous, high-volume, backing, or otherwise. While Brown warned the decedent not to enter the receiving area, he did so only once, indicating that she was not authorized to be there. Brown knew that the decedent continued to cut through the receiving area, but chose not to speak to her about it again. Others commonly cut through the receiving area as well. Neither is there any evidence of circumstances indicating that the decedent consented to assume any risk associated with backing vehicles, as here, with an inoperable back-up alarm and while the driver could not see to the rear.

"In assessing whether [Martin] had the requisite knowledge of the danger and appreciation of the risks, we apply a subjective standard and look to what he [or she] knew, understood and appreciated. [Cits.]" *Fowler*, supra, 268 Ga. App. at 332 (3). Based on the evidence presented, genuine issues of material fact exist as to whether Martin can be deemed to have knowingly, voluntarily, and intelligently consented to the risk of being run over by a backing truck having an inoperable back-up alarm and being driven by a driver who was unable to see to his rear.

> As a general rule, whether a party assumed the risk of his [or her] injury is an issue for the jury that should not be decided by summary judgment unless the defense is conclusively established by plain, palpable and undisputed evidence. *Taft v. Taft*, 209 Ga. App. 499, 500 (433 SE2d 667) [(1993)].

*Turner v. Sumter Self Storage*, 215 Ga. App. 92, 94 (3) (449 SE2d 618) (1994).

b. Further, Champion argues that the trial court erred in granting the Company summary judgment as to her claims of negligence

and negligence per se upon the finding that Martin had equal knowledge of the hazardous condition that caused her death. We agree.

It is settled Georgia law that "[a]n employee who has knowledge of a hazardous condition equal to that of his employer cannot recover." *Southern Orchard Supply v. Boyer*, 221 Ga. App. 626, 627 (427 SE2d 157) (1996). " 'Such risks as these the employee is not treated as assuming until he becomes aware of the danger, or unless the risk is so obvious that an ordinarily prudent person would have observed and appreciated it.' [Cits.]" *Pollard v. Weeks*, 60 Ga. App. 664, 671 (4 SE2d 722) (1939). Here, the evidence shows only that the decedent possessed knowledge of the generally prevailing hazardous condition that the truck traffic represented and that the Company through its employee, Figueroa, had knowledge that its truck was being backed with a defective back-up alarm while the driver was blind to the rear. Because we have found no evidence showing that Martin possessed a specific knowledge or appreciation of the hazard which took her life, summary judgment for the Company upon the finding that Martin had equal knowledge of the risk was error.

c. Notwithstanding the foregoing, the Company urges its entitlement to summary judgment under the exclusive remedy provision of the Workers' Compensation Act. In this regard, the Company argues that Martin's injury arose out of and in the course of her employment because her injury occurred within a reasonable time to ingress to her work station. Specifically, the Company claims that it would have taken Martin "at least five minutes" to walk from where Brown dropped her off to her work station and that she was injured not more than three minutes after starting her walk. We do not agree, however, that the Workers' Compensation Act barred Champion's claims, as a matter of law, warranting summary judgment for the Company.

It is well settled that an injured employee's sole and exclusive remedy is under the Workers' Compensation Act where the injury arises out of and in the scope of employment. OCGA § 34-9-11 (a). "An injury arises 'out of' the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury. [Cit.]" *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). While an employee is generally deemed not within the scope of employment in traveling to and from work, "the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." (Citations and punctuation omitted.) *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 182 (105 SE2d 378) (1958). Reasonableness in this context is fact-driven. Instead of focusing on the amount of time necessary to reach the employee's

work station, as suggested by the Company, the courts focus on the length of time between the reception of injuries and the time work was scheduled to begin. See, e.g., *Gen. Accident Fire & Life Assurance Corp. v. Worley*, 86 Ga. App. 794, 797 (72 SE2d 560) (1952).

Here, the accident occurred seventy-eight minutes before Martin was to begin her shift; she could not clock-in earlier than forty-eight minutes after her arrival; and she needed only five to ten minutes to prepare for and begin working. We conclude, as the trial court did in denying the Company's initial motion for summary judgment, that a jury question exists as to whether Martin was in the scope of her employment at the time she entered the Company's premises. See *Worley*, supra, 86 Ga. App. at 797; *Russell*, supra, 98 Ga. App. at 184 (injury occurring thirty minutes before work began reasonable time for ingress in scope); compare *Jackson v. Lumberman's Mut. Cas. Co.*, 33 Ga. App. 35, 35-36 (125 SE 515) (1924) (injury occurring two hours before start of work unreasonable time for ingress not in scope).

Since material issues of fact remain as to whether Champion's claims are foreclosed as alleged, we find that the grant of summary judgment for the Company was error and that reversal is required.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JULY 5, 2007 — ▇▇▇▇▇▇▇▇▇▇

*Burnside, Wall, Daniel, Ellison & Revell, Thomas R. Burnside III*, for appellants.

*Moore, Ingram, Johnson & Steele, Christopher D. Gunnels, Robert D. Ingram, Alexander T. Galloway III*, for appellee.