S09A1644. LY et al. v. JIMMY CARTER COMMONS, LLC.
(691 SE2d 852)

CARLEY, Presiding Justice.

Franklin and Toni Ly (Appellants) initiated foreclosure proceedings against a shopping center owned by Jimmy Carter Commons, LLC. Jimmy Carter Commons filed an action to enjoin foreclosure and cancel the security deed and various loan documents upon which the foreclosure proceedings were based. The trial court entered a temporary injunction, and subsequently granted summary judgment to Jimmy Carter Commons. This appeal followed.

1. On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is "a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.]" *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006). Viewed in favor of Appellants, the evidence shows that James Byun and Jin Choi were the managers of Jimmy Carter Commons, a limited liability company. Byun, purportedly acting on behalf of Jimmy Carter Commons, obtained a $1 million loan from Appellants for a real estate development project. Before executing the loan documents, Appellants learned that the operating agree-

ment for Jimmy Carter Commons requires the approval of both Byun and Choi for such a transaction. Appellants then prepared a document entitled "Jimmy Carter Commons, LLC Unanimous Written Consent of the Manager and Members," which authorized Byun alone "to execute the Promissory Note and Deed to Secure Debt" in question. That document was signed by Byun and ostensibly signed by Choi. Appellants and Byun then executed the loan documents, showing that the loan was made to Jimmy Carter Commons, and the loan deed conveying to Appellants the shopping center to secure the debt. Over a year later, Byun and Appellants executed loan modification documents increasing the principal amount of the loan to $1.5 million. Those documents included a "Unanimous Consent of Members of Jimmy Carter Commons, LLC," which states that the members of the company authorize and approve the guaranty of the loan, including execution of the deed to secure debt. That document also bears the signature of Byun and the purported signature of Choi.

In granting summary judgment, the trial court found that it is undisputed that Byun did not have authority to act alone on behalf of Jimmy Carter Commons because its operating agreement required the approval of Choi, that Choi had no dealings with Appellants and did not authorize the transaction in question, that Choi's signatures on the unanimous consent documents were forged, and that those documents were ineffective to authorize Byun alone to bind the company. However, even if all of that is true, there is still a genuine issue of material fact as to whether Appellants had knowledge that the unanimous consent documents were ineffective and did not give Byun the authority to act alone on behalf of Jimmy Carter Commons.

> [T]he act of any manager [of a limited liability company] . . . binds the limited liability company, unless the manager so acting has, in fact, no authority to act for the limited liability company in the particular matter, *and the person with whom he or she is dealing has knowledge of the fact that the manager has no such authority*. (Emphasis supplied.)

OCGA § 14-11-301 (b) (2). Thus, "[n]o act of a manager . . . in contravention of a restriction on authority shall bind the limited liability company to persons having knowledge of the restriction." OCGA § 14-11-301 (d).

Consequently, even if Byun acted beyond his authority as a manager of Jimmy Carter Commons, the limited liability company may still be bound by his actions if Appellants did not know that he

lacked such authority. In its summary judgment order, the trial court did not cite, and Jimmy Carter Commons has not identified, undisputed evidence showing that Appellants knew that Choi's signatures on the consent documents were forged. On the contrary, Franklin Ly testified that he had attorneys prepare the consent documents specifically to confirm Byun's claim that he had authority to act alone on behalf of Jimmy Carter Commons, that the documents were sent to Jimmy Carter Commons in order for Byun and Choi to sign them, that the consent documents were then brought to the closing of the transactions with both Byun's signature and Choi's apparent signature, that it was represented to Ly that Choi had signed the documents, and that he believed that Choi had in fact signed them. This testimony creates genuine issues of material fact as to whether Appellants knew that Choi's signatures were forged, and whether they were justified in assuming that the consent documents authorized Byun's unilateral action on behalf of Jimmy Carter Commons. See *Turnipseed v. Jaje*, 267 Ga. 320, 323 (2) (a) (477 SE2d 101) (1996) (must appear that person of ordinary prudence was justified in assuming that agent had authority to perform a particular act); *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 112 (2) (661 SE2d 578) (2008) (where agent with apparent authority commits fraud against a third party who reasonably believed that he was entering into a bona fide transaction, principal may be charged with the fraud).

> On summary judgment, a trial court is not authorized to resolve disputed issues of material fact. A trial court is authorized only to determine whether disputed issues of material fact remain. If, and only if, no disputed issue of material fact remains is the trial court authorized to grant summary judgment.

*Georgia Canoeing Assn. v. Henry*, 263 Ga. 77, 78 (428 SE2d 336) (1993). Since disputed issues of material fact remain in this case, the trial court erred in granting summary judgment to Jimmy Carter Commons.

2. Because of our holding in Division 1, we need not address Appellants' remaining claims of error with regard to the summary judgment ruling.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 1, 2010 —
RECONSIDERATION DENIED MARCH 29, 2010.

*Hartman, Simons, Spielman & Wood, Scott M. Ratchick, Chris-*

834

topher S. Badeaux, for appellants.

Stites & Harbison, Robert D. Douglass, Catherine M. Banich, Tasha K. Inegbenebor, for appellee.