**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A2385. ESTES v. G&W CARRIERS, LLC et al.
A19A2386. G&W CARRIERS, LLC v. ESTES.

McFADDEN, Chief Judge.

Heather Estes appeals from the order granting summary judgment to G&W Carriers, LLC in her personal injury action. Estes argues that whether she was an independent contractor or G&W's employee — and thus barred from suing G&W — is a jury issue. We hold that there is no material question of fact that Estes is an employee. So her lawsuit against G&W is barred by the exclusive remedy provision of the Workers' Compensation Act and we affirm the grant of summary judgment to G&W. We dismiss as moot G&W's cross-appeal.

1. *Background.*

"On appeal from a grant of summary judgment, we review legal questions de novo and review the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact." *Milliken & Co. v. Ga. Power Co.*, 306 Ga. 6, 8 (1) (829 SE2d 111) (2019). So viewed, the record shows that Estes and her husband were tractor trailer drivers who worked as a team. G&W hired them after they completed employment applications. Estes and her husband rotated driving responsibilities on their trips.

When Estes was injured, she and her husband were hauling a load of carpet from Georgia to California. The husband was driving and Estes was in the sleeping compartment of the tractor trailer. The husband lost control of the vehicle, it rolled over onto its side, and Estes was injured.

Estes filed this action against G&W alleging that her husband's conduct caused the collision and that his liability could be imputed to G&W "under the doctrine of lease liability, agency, or apparent agency." G&W moved for summary judgment on two grounds: (1) that Estes' action was barred by OCGA § 34-7-21, which provides that "the employer shall not be liable to one employee for injuries arising from the negligence or misconduct of other employees about the same business"; and (2) that Estes' action was barred by the exclusive remedy provision of the Workers'

2

Compensation Act. OCGA § 34-9-11 (a). The trial court granted G&W's motion for summary judgment, ruling that the action was barred by OCGA § 34-7-21. It did not address G&W's exclusive remedy argument. In A19A2385, Estes appeals the grant of summary judgment to G&W. In A19A2386, G&W cross-appeals the trial court's failure to address its exclusive remedy argument.

2. *Estes was an employee and the exclusive remedy provision of the Workers' Compensation Act bars her personal injury action.*

Because G&W argued to the trial court that it was entitled to summary judgment on the ground that the exclusive remedy provision barred Estes' action, we may affirm on that ground under the right for any reason rule even though it was not a basis for the trial court's ruling. See *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002) ("Under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied."). And we do so.

The parties dispute whether Estes was an employee or an independent contractor. The issue is dispositive of this case because "an injured employee's sole and exclusive remedy is under the Workers' Compensation Act where the injury arises out of and in the scope of employment. OCGA § 34-9-11 (a)." *Champion v.*

3

*Pilgrim's Pride Corp. of Delaware*, 286 Ga. App. 334, 338 (c) (649 SE2d 329) (2007). And there is no material issue of fact that Estes' injuries arose out of and in the course of her employment. See *Smith v. Camarena*, 352 Ga. App. 797, 799 (2) (835 SE2d 712) (2019) ("An injury is in the course of employment if it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties while he is fulfilling his duties or engaged in something incidental thereto.") (citation and punctuation omitted); *Lee v. Sears*, 223 Ga. App. 897, 898 (2) (479 SE2d 196) (1996) ("An injury arises out of employment when a reasonable person would perceive a causal connection between an employee's working conditions and his injury."). See also *White v. Excalibur Ins. Co.*, 599 F2d 50, 53 (II) (5th Cir. 1979) (member of two-person driving team who was sleeping in the cab at the time of collision was within the course of his employment).

As for the dispositive issue of the parties' relationship, under longstanding Georgia law,

> the true test . . . to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished

4

from the right merely to require certain definite results in conformity to the contract.

*Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 637 (176 SE2d 925) (1970) (citation and punctuation omitted). "The existence of this right to control by the employer may be inferred where the person is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum." *Boatright v. Old Dominion Ins. Co.*, 304 Ga. App. 119, 121 (695 SE2d 408) (2010) (citation and punctuation omitted).

On the issue of whether G&W had the "the right to control the time, manner and method of executing the work," *Golosh*, 226 Ga at 637, the undisputed record evidence shows that G&W hired Estes and her husband generally to drive its tractor trailer. G&W owned and had DOT authority over the tractor trailer, and when Estes and her husband drove, it was under G&W's DOT authority. G&W retained the right to terminate Estes and her husband.

G&W paid all costs of operating the tractor trailer. It was responsible for the maintenance of the tractor trailer, and G&W paid for the fuel and inspections of its tractor trailers and its drivers' records. Although Estes and her husband paid for "scale tickets," G&W reimbursed them.

5

G&W was responsible for assigning loads for hauling to Estes and her husband and for dispatching the tractor trailer; Estes and her husband were not allowed to find their own loads and had no discretion over which loads they hauled. G&W's drivers had two or three days off between trips, but if the regulations regarding driving hours allowed it, the drivers were assigned loads.

G&W arranged the pickup and delivery times for the loads that Estes and her husband hauled, and communicated those times to Estes and her husband. Although G&W did not direct Estes and her husband to take specific routes when making deliveries, to buy fuel from specific locations, or to wear uniforms, it could have done so. G&W had the right to designate whether Estes or her husband would drive the first leg of a trip, as long as their hours were in compliance with regulations, and it had the right to direct how they should strap a load. G&W supplied Estes and her husband with log books and required them to be turned in every week.

G&W's president testified that a driver could refuse a load only if she had "an issue"; if she refused a load otherwise, she would not keep her job with the company. To show that G&W did not control the time, manner, and method of executing the work, Estes points to her testimony that she *could* decline certain loads and she did

so on one occasion, but this does not contradict the president's testimony that a driver could decline a load under limited circumstances.

"The test [for determining whether a person is an employee or an independent contractor] is not whether the employer did in fact control and direct the employee in the work, but it is whether the employer had that right under the employment contract." *Golosh*, 226 Ga. at 638-639 (emphasis omitted). The undisputed evidence demonstrated G&W's assumption of the right to control the time, manner and method of Estes' work. Given this evidence, "the fact that [G&W] issued its workers Internal Revenue Service Form 1099 (rather than Form W-2) . . . and did not withhold taxes from their paychecks or provide insurance for the workers does not create a jury question on [Estes'] status as an employee." *Boatright*, 304 Ga. App. at 122 (1).

Estes briefly argues that G&W is responsible for her husband's actions under federal law. But the law she cites does not help her. "[F]ederal law creates a statutory employment relationship between interstate carriers and the drivers of the trucks leased to them, but we believe that whether that statutory employment relationship is sufficient to constitute an employer/employee relationship for the purposes of workers' compensation is a question of state law." *Judy v. Tri-State Motor Transit Co.*, 844 F2d 1496, 1501 (II) (11th Cir. 1988).

For these reasons, Estes' claims were barred by the exclusive remedy provision of the Worker's Compensation Act and we affirm the trial court's grant of summary judgment to G&W. Given this resolution, we dismiss G&W's cross-appeal as moot.

*Judgment affirmed in Case No. A19A2385. Case No. A19A2386 dismissed as moot. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*