**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 12, 2025**

# In the Court of Appeals of Georgia

A24A1677, A24A1678. HALL COUNTY BOARD OF TAX ASSESSORS v. OLIVER FAMILY INVESTMENTS, LP (two cases)

GOBEIL, Judge.

The Hall County Board of Tax Assessors (the "Board") appeals from two identical superior court orders denying its motions for summary judgment in these tax appeal cases.[1] Oliver Family Investments, LP ("Oliver") applied to renew conservation use covenants for two pieces of real property it owns. The Board denied Oliver's applications, which Oliver appealed to the superior court. Ultimately, the superior court denied the Board's motions for summary judgment, finding that issues

---

[1] The two cases are identical, aside from pertaining to a different parcel of land. The parties have filed identical briefs in both cases.

of fact remain. We granted the Board's applications for interlocutory review of these superior court orders. Court of Appeals Case Nos. A24I0171, A24I0172. The legal question presented on appeal concerns what qualifies as "income from bona fide conservation uses, including earnings on investments directly related to past or future bona fide conservation uses" in connection with an application for a conservation use covenant within Georgia's tax code. OCGA § 48-5-7.4. Because we find open material questions of fact remain, it would be premature to rule on the statutory interpretation question, and so we affirm the trial court's judgment.

When this Court considers the denial of a motion for summary judgment, we review the decision de novo, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *City of St. Marys v. Reed*, 346 Ga. App. 508, 508-509 (816 SE2d 471) (2018). It is the movant's burden to show that summary judgment is warranted. *Champion v. Pilgrim's Pride Corp. of Delaware*, 286 Ga. App. 334, 335 (649 SE2d 329) (2007). And summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 508; see OCGA § 9-11-56 (c). Further, "[t]he grant or denial of summary judgment will be affirmed if it is right for any

2

reason." *Peachstate Developers v. Greyfield Resources*, 284 Ga. App. 501, 505 (2) (644 SE2d 324) (2007).

*Relevant Facts*

The facts here are relatively straightforward. In 2022, Oliver applied as a "family owned farm entity" to renew[2] conservation use covenants for two parcels of land, both of which are used to produce trees and cattle. See OCGA § 48-5-7.4 (defining conservation use properties). One section of the application asks for the farm entity's percent of gross income from bona fide conservation uses in the past year, which Oliver left blank. Upon investigation, Oliver disclosed that its only income in 2021 was $7,800, which came from renting out a storage building located on a third parcel of land.[3] This third piece of land was not used for agricultural purposes, but

---

[2] The properties previously were granted conservation use covenants in 2012 for a period of ten years. However, the 2012 application, which the Board approved, was filed by Thomas D. Oliver and Marcia Hammock as "one or more naturalized citizens" who owned the properties. The instant 2022 applications listed the owner of the properties as a family owned farm entity, which triggered the income requirement described below. OCGA § 48-5-7.4 (a) (1) (C) (iv).

[3] As described in the record, with cattle and tree farming, income varies from year to year, and there are often years with no agricultural-based income while assets are being managed for future harvesting.

Oliver averred that this third parcel — and indeed "all of the property" owned by Oliver — was purchased with income derived from agricultural investments.

The Board denied Oliver's applications, finding that Oliver did not meet the statutory income requirement to qualify as an owner of conservation property as a family owned farm entity. Under the statute, a family owned farm entity must derive 80 percent of its income from bona fide conservation uses, but Oliver earned all of its 2021 income from renting a storage unit to a third party on separate parcel of land. See OCGA § 48-5-7.4 (a) (1) (C) (iv). The Board determined that the rental income was not a bona fide conservation use, and denied the applications. Oliver appealed the denials first to the Hall County Board of Equalization, which affirmed the Board's denials.

Oliver then appealed to the superior court. The Board filed motions for summary judgment on the ground that Oliver did not meet the income requirements set forth in OCGA § 48-5-7.4 (a) (1) (c) (iv). The superior court denied the Board's motions after a hearing. The trial court's 1-page orders found "that an issue of fact exists as to whether the $7,800.00 rental income that [Oliver] received in 2021 was 'earnings on investments directly related to past or future bona fide conservation

uses.'" Thus, the superior court found that a trial would be necessary to resolve this question of fact. These appeals followed.

*Legal Framework*

Conservation use covenants are governed by OCGA § 48-5-7.4. Pursuant to this provision, "owners of bona fide conservation use property, including property used for certain agricultural purposes and meeting other statutory criteria and conditions, may apply to the county board of tax assessors for current use assessment of their property for purposes of calculating ad valorem taxes." *Terrell County Bd. of Tax Assessors v. Goolsby*, 324 Ga. App. 535, 536 (751 SE2d 158) (2013) (citation and punctuation omitted). The conservation use covenant allows the property's taxes to be assessed based on its current use value instead of its fair market value, resulting in tax savings. Id. Relevant here, "bona fide conservation use property" includes property that has a primary purpose of good faith production of agricultural products or timber. See OCGA § 48-5-7.4 (a) (1). There is no dispute in this case concerning the primary purpose of the two tax parcels at issue.

Apart from the property itself, only certain types of property *owners* are eligible under the statute. See OCGA § 48-5-7.4 (a) (1) (C). One category of qualifying owner is a "family owned farm entity" that is owned by qualifying individuals, and which

> derived 80 percent or more of its gross income from bona fide conservation uses, including earnings on investments directly related to past or future bona fide conservation uses, within the state within the year immediately preceding the year in which eligibility is sought . . . .

OCGA § 48-5-7.4 (a) (1) (C) (iv).

The underlying question in this appeal is whether Oliver qualifies as a family owned farm entity given the source of its income. But given the procedural posture of the case, the question before us is simply whether the trial court erred in denying the Board's motion for summary judgment and allowing the case to proceed to trial. We conclude that it did not.

Though many facts may be undisputed, we, like the trial court, find that open questions of fact remain to decide what ultimately is a highly fact-intensive inquiry: did Oliver "derive 80 percent or more of its gross income from bona fide conservation uses, including earnings on investments directly related to past or future bona fide conservation uses, within the state within the year immediately preceding the year in

6

which eligibility is sought[?]" OCGA § 48-5-7.4 (a) (1) (C) (iv). There are several components to that question, including the percent and source of funds, their sourcing from bona fide conservation uses, determinations of relatedness to past or future bona fide conservation uses, and temporal considerations. To decide in the Board's favor, we would have to make assumptions of fact, which we decline to do. For instance, it is not clear whether the income-producing asset was purchased with money earned through bona fide agricultural pursuits. Oliver averred that it was purchased with such funds (at least in part), however, even the affidavit is unclear as to whether the property was wholly purchased by such funds. Moreover, the Board does not necessarily dispute the source of funds, but nor does it concede it.[4] Instead, the Board argues that, even if the rental property was purchased with money that came 100% from agricultural uses, Oliver would still not qualify under the statute. And Oliver has

---

[4] More specifically, Oliver averred that the real property upon which the rental building was located was purchased with income derived from agricultural assets, but the record is unclear as to whether Oliver expended any other funds to construct or purchase the building, or whether it came with the purchase of the land. This too could be relevant to any analysis of whether the earnings on the investment was directly related to past or future bona fide conservation uses, and further supports our conclusion that additional facts need be resolved before the Court delves further into the legal issues.

argued (at least in part) that, if a jury believes its affidavit, it will qualify under the statute.

We find this fact question critical to answering the legal question. Only if the funds used to purchase the income-producing asset (either in whole or in part) were derived from bona fide agricultural uses could the asset even arguably be considered an "investment" directly related to a past or future bona fide conservation use. And it is only after that question is answered that we could fully consider whether its income could be considered "earnings on investments directly related to past or future bona fide conservation uses" as described in the statute. See *Ly v. Jimmy Carter Commons, LLC*, 286 Ga. 831, 833 (1) (691 SE2d 852) (2010) (only if no disputed issue of material facts remain is a court authorized to grant summary judgment). Otherwise, any holding we reach essentially would be advisory, as it might not apply to Oliver's case, if, for instance, the jury finds that the storage building and/or land were purchased with any funds derived from non-agricultural pursuits. See *Cotton States Mut. Ins. Co. v. State Farm Mut. Automobile Ins.,* 235 Ga. App. 510 (510 SE2d 78) (1998) (Blackburn, J., dissenting) (an opinion based on hypothetical or assumed facts is an advisory opinion).

Accordingly, we agree with the trial court that facts remain that must be resolved before this case can be fully adjudicated. See *Chatham Area Transit Auth. v. Brantley*, 353 Ga. App. 197, 208 (834 SE2d 593) (2019) (affirming denial of summary judgment on different issue than the one stated by the trial court). We therefore affirm the trial court's denial of summary judgment.

*Judgments affirmed. Barnes, P. J., and Pipkin, J., concur.*